853 A.2d 903

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. GREGORY C. MOORE, DEFENDANT–APPELLANT.

Argued January 21, 2004—Decided August 2, 2004.

*Gilbert G. Miller,* Designated Counsel, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney).

*Frank Muroski,* Deputy Attorney General, argued the cause for respondent (*Peter C. Harvey,* Attorney General of New Jersey, attorney).

Justice WALLACE delivered the opinion of the Court.

In this search and seizure case, and in *State v. Pineiro*, 181 *N.J.* 13, 853 *A.*2d 887, 2004 *WL* 1713631 (2004), also decided today, we consider whether the State had probable cause to conduct a warrantless search of defendant. The trial court and the Appellate Division found probable cause for the law enforcement officers to arrest, and to search and seize the evidence from defendant. We agree and affirm.

## I.

Defendant Gregory C. Moore was indicted for third-degree possession of cocaine. He filed a motion to suppress the evidence. The sole witness at the suppression hearing was Detective Glen Abrams, a twelve-year veteran police officer assigned to the Narcotics Division of the Atlantic City Police Department. On June 6, 2000, at approximately 5:45 p.m., Detective Abrams and three other detectives, working undercover, were patrolling in an unmarked car in the area of North Carolina, Mansion, and Artic Avenues in Atlantic City, New Jersey. Detective Abrams described the locality as a high crime area.

The detectives observed a group of approximately six people congregating in a vacant lot between Piggy's Bar and a delicatessen. The detectives parked three-quarters of a block away and conducted surveillance, using binoculars. Detective Abrams observed a man wearing a floppy hat leave the group and walk towards the rear of the delicatessen. Defendant and another man left the group and joined the man in the floppy hat. Defendant and his companion handed currency to that man and each received from him a small item in return, which they both immediately pocketed, before returning to the group.

Believing he had just witnessed a drug transaction, Detective Abrams promptly drove his vehicle towards the group. When the detectives arrived, defendant placed his hand in his right pocket and began to walk away. Detective Abrams exited the car and approached defendant to arrest him. The detective informed

defendant that he had observed him participating in a drug transaction and grabbed defendant's right arm. Defendant removed his hand from his pocket to reveal two clear bags of a white powdery substance that was later identified as cocaine. Another detective recovered a similar bag of cocaine from defendant's companion. The detectives were unable to locate the third man who they believed had sold the drugs to defendant and his companion.

Before trial, defendant moved to suppress the evidence on the ground that it was obtained by an unlawful search and seizure. The court credited the testimony of Detective Abrams and found that the police had probable cause to arrest and search defendant.

Following a jury finding of guilt on an unrelated robbery indictment, defendant pled guilty to possession of cocaine. Consistent with the plea agreement, the trial court imposed a five-year prison term, concurrent to the sentence on the robbery offense. Defendant appealed the denial of his motion to suppress and the Appellate Division affirmed in an unpublished opinion. We granted defendant's petition for certification, 177 *N.J.* 497, 828 *A.*2d 924 (2003), and now affirm.

## II.

The Fourth Amendment of the United States Constitution and Article I, paragraph 7 of the New Jersey Constitution protect citizens against unreasonable searches and seizures, and require a showing of probable cause prior to the issuance of a warrant. *U.S. Const.* amend. IV; *N.J. Const.* art. I, ¶ 7. "The probable-cause requirement is the constitutionally-prescribed standard for distinguishing unreasonable searches from those that can be tolerated in a free society." *State v. Novembrino,* 105 *N.J.* 95, 106, 519 *A.*2d 820, 826 (1987). "A warrantless search [or seizure] is presumed invalid unless it falls within one of the recognized exceptions to the warrant requirement." *State v. Cooke,* 163 *N.J.* 657, 664, 751 *A.*2d 92, 95 (2000). The State, as the party seeking to validate the warrantless search, "has the burden

of proving the validity of the search." *State v. Maryland,* 167 *N.J.* 471, 489, 771 *A.*2d 1220, 1231 (2001).

This Court previously enumerated the exceptions to the requirement that law enforcement officers must obtain a warrant before searching or seizing an item or a person:

These exceptions may be found in such Supreme Court decisions as *New Jersey v. T.L.O.,* 469 *U.S.* 325, 105 *S.Ct.* 733, 83 *L.Ed.*2d 720 (1985) (the "regulatory authority" exception); *United States v. Jacobsen,* 466 *U.S.* 109, 104 *S.Ct.* 1652, 80 *L.Ed.*2d 85 (1984) (the "third party intervention" exception); *Thompson v. Louisiana,* 469 *U.S.* 17, 105 *S.Ct.* 409, 83 *L.Ed.*2d 246 (1984) (the "emergency" exception); *Texas v. Brown,* 460 *U.S.* 730, 103 *S.Ct.* 1535, 75 *L.Ed.*2d 502 (1983) (the "plain view" exception); *South Dakota v. Opperman,* 428 *U.S.* 364, 96 *S.Ct.* 3092, 49 *L.Ed.*2d 1000 (1976) (the "inventory search" exception); *United States v. Santana,* 427 *U.S.* 38, 96 *S.Ct.* 2406, 49 *L.Ed.*2d 300 (1976) (the "hot pursuit" exception); *Cady v. Dombrowski,* 413 *U.S.* 433, 93 *S.Ct.* 2523, 37 *L.Ed.*2d 706 (1973) (the "community caretaking" exception); *Schneckloth v. Bustamonte,* 412 *U.S.* 218, 93 *S.Ct.* 2041, 36 *L.Ed.*2d 854 (1973) (the "consent search" exception); *Chimel v. California,* 395 *U.S.* 752, 89 *S.Ct.* 2034, 23 *L.Ed.*2d 685 (1969) (the "search incident to arrest" exception); *Lewis v. United States,* 385 *U.S.* 206, 87 *S.Ct.* 424, 17 *L.Ed.*2d 312 (1967) (the "deceptive guest" exception); *Carroll v. United States,* 267 *U.S.* 132, 45 *S.Ct.* 280, 69 *L.Ed.* 543 (1925) (the "automobile" exception). [*State v. Hill,* 115 *N.J.* 169, 173–74, 557 *A.*2d 322, 324 (1989).]

Here, the State urges that the warrantless search of defendant was valid under the search incident to a lawful arrest exception. *See Chimel, supra,* 395 *U.S.* at 762–63, 89 *S.Ct.* at 2040, 23 *L.Ed.*2d at 694. We agree that that exception provides the relevant framework for analysis. Consequently, we need decide only whether the facts found by the trial court provided probable cause to arrest defendant.

The standards for determining probable cause to arrest and probable cause to search are identical. *State v. Smith,* 155 *N.J.* 83, 92, 713 *A.*2d 1033, 1038 (1998). We have often stated that the probable cause standard is not susceptible of precise definition. *State v. Wilson,* 178 *N.J.* 7, 13, 833 *A.*2d 1087, 1090 (2003). Nevertheless, our jurisprudence has held consistently that a principal component of the probable cause standard " 'is a well-grounded suspicion that a crime has been or is being committed.' " *State v. Nishina,* 175 *N.J.* 502, 515, 816 *A.*2d 153, 161 (2003) (quoting *State v. Sullivan,* 169 *N.J.* 204, 211, 777 *A.*2d 60, 64

(2001)). "Probable cause exists where the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed." *Schneider v. Simonini*, 163 *N.J.* 336, 361, 749 *A.2d* 336, 350 (2000) (first and second alterations in original) (citation and internal quotation marks omitted), *cert. denied*, 531 *U.S.* 1146, 121 *S.Ct.* 1083, 148 *L.Ed.2d* 959 (2001). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Maryland v. Pringle*, 540 *U.S.* 366, 371, 124 *S.Ct.* 795, 800, 157 *L.Ed.2d* 769 (2003); *accord State v. Dangerfield*, 171 *N.J.* 446, 456, 795 *A.2d* 250, 255–56 (2002).

In determining whether there is probable cause, the court should utilize the totality of the circumstances test set forth in *Illinois v. Gates*, 462 *U.S.* 213, 238, 103 *S.Ct.* 2317, 2332, 76 *L.Ed.2d* 527, 548 (1983). *Novembrino, supra*, 105 *N.J.* at 122, 519 *A.2d* at 836. That test requires the court to make a practical, common sense determination whether, given all of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates, supra*, 462 *U.S.* at 238, 103 *S.Ct.* at 2332, 76 *L.Ed.2d* at 544. The factors to be considered in applying that test include a police officer's "common and specialized experience," *Schneider, supra*, 163 *N.J.* at 362, 749 *A.2d* at 350 (citation and quotation marks omitted), and evidence concerning the high-crime reputation of an area, *State v. Johnson*, 171 *N.J.* 192, 217, 793 *A.2d* 619, 634 (2002). Although several factors considered in isolation may not be enough, cumulatively these pieces of information may "become sufficient to demonstrate probable cause." *State v. Zutic*, 155 *N.J.* 103, 113, 713 *A.2d* 1043, 1048 (1998).

### III.

We turn now to apply those principles to the present case. Detective Abrams was an experienced narcotics officer. He previ-

ously had made numerous drug arrests in the same neighborhood, which was known to the police for heavy drug trafficking. Using binoculars, he observed three men move away from the group to the back of a vacant lot, and he saw defendant and his companion give money to the third person in exchange for small unknown objects. Based on his experience and those factors, it was reasonable for Detective Abrams to conclude that the totality of the circumstances supported a well-grounded suspicion that he had witnessed a drug transaction. Therefore, the trial court properly determined that there was probable cause for Detective Abrams to arrest defendant.

Because we conclude there was probable cause to arrest defendant, we need not address defendant's argument that the facts did not support an investigative detention.

We hold that the observations by the law enforcement officers in the high-crime area supported probable cause to arrest defendant, search him, and seize the suspected drugs incident to that arrest.

### IV.

The judgment of the Appellate Division is affirmed.

Justice ALBIN, dissenting.

Behind a delicatessen, a man handed one small, unidentified item to defendant and another small, unidentified item to another individual, both of whom gave him currency in exchange. This event occurred in a so-called high crime area. Based on those observations, the police claimed that there was probable cause to arrest the two men for involvement in a drug transaction.

This, admittedly, is a close case. Nonetheless, however malleable probable cause may be, I cannot conclude on those facts that there was a well-grounded suspicion that a crime had occurred justifying defendant's arrest and the seizure of evidence. *See Commonwealth v. Banks,* 540 *Pa.* 453, 658 *A.*2d 752, 753 (1995)

(finding that "mere police observation of an exchange of an *unidentified item* or items on a public street corner for cash," does not "constitute probable cause to arrest") (emphasis added); *People v. Ratcliff,* 778 P.2d 1371, 1377–78 (Co.1989) (finding police officer's observation of exchange of *unknown object* between two men, one of whom was known to officer as "a drug user and dealer," in area known to police for drug trafficking, was insufficient to establish probable cause to arrest defendant); *People v. Oden,* 36 N.Y.2d 382, 368 N.Y.S.2d 508, 329 N.E.2d 188, 191 (1975) (finding "the mere passing of a glassine envelope in a neighborhood in which narcotics were known to have been present, unsupplemented by any additional relevant behavior or circumstances found to exist, was insufficient to raise the level of inference from suspicion to probable cause").

Although the police may have had a reasonable and articulable suspicion to make a *Terry* stop and engage in further inquiry, I cannot find the existence of probable cause for a search or seizure on the bare facts of this case. *See State v. Pineiro,* 181 N.J. 29–30, 853 A.2d 897 (2004) (Albin, J., concurring) (arguing that otherwise innocent conduct is not transformed into criminal activity simply because it occurred in high crime area). I, therefore, respectfully dissent.

*For affirmance*—Chief Justice PORITZ and Justices VERNIERO, LaVECCHIA, ZAZZALI, and WALLACE—5.

*For reversal*—Justice ALBIN—1.