# SUPREME COURT OF THE UNITED STATES

## PENNSYLVANIA *v.* NATHAN DUNLAP

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF PENNSYLVANIA, EASTERN DISTRICT

No. 07–1486.   Decided October 14, 2008

The petition for a writ of certiorari is denied.

CHIEF JUSTICE ROBERTS, with whom JUSTICE KENNEDY joins, dissenting from denial of certiorari.

North Philly, May 4, 2001. Officer Sean Devlin, Narcotics Strike Force, was working the morning shift. Undercover surveillance. The neighborhood? Tough as a three-dollar steak. Devlin knew. Five years on the beat, nine months with the Strike Force. He'd made fifteen, twenty drug busts in the neighborhood.

Devlin spotted him: a lone man on the corner. Another approached. Quick exchange of words. Cash handed over; small objects handed back. Each man then quickly on his own way. Devlin knew the guy wasn't buying bus tokens. He radioed a description and Officer Stein picked up the buyer. Sure enough: three bags of crack in the guy's pocket. Head downtown and book him. Just another day at the office.

\*    \*    \*

That was not good enough for the Pennsylvania Supreme Court, which held in a divided decision that the police lacked probable cause to arrest the defendant. The Court concluded that a "single, isolated transaction" in a high-crime area was insufficient to justify the arrest, given that the officer did not actually see the drugs, there was no tip from an informant, and the defendant did not attempt to flee. 941 A. 2d 671, 679 (2007). I disagree with that conclusion, and dissent from the denial of certiorari. A drug purchase was not the only possible explanation for the defendant's conduct, but it was certainly likely enough

to give rise to probable cause.

The probable-cause standard is a "nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Maryland* v. *Pringle*, 540 U. S. 366, 370 (2003) (internal quotation marks omitted). What is required is simply "a reasonable ground for belief of guilt," *id.*, at 371 (same)—a "probability, and not a prima facie showing, of criminal activity," *Illinois* v. *Gates*, 462 U. S. 213, 235 (1983) (same). "[A] police officer may draw inferences based on his own experience in deciding whether probable cause exists," *Ornelas* v. *United States*, 517 U. S. 690, 700 (1996), including inferences "that might well elude an untrained person," *United States* v. *Cortez*, 449 U. S. 411, 418 (1981).

On the facts of this case, I think the police clearly had probable cause to arrest the defendant. An officer with drug interdiction experience in the neighborhood saw two men on a street corner—with no apparent familiarity or prior interaction—make a quick hand-to-hand exchange of cash for "'small objects.'" 941 A. 2d, at 673. This exchange took place in a high-crime neighborhood known for drug activity, far from any legitimate businesses. Perhaps it is possible to imagine innocent explanations for this conduct, but I cannot come up with any remotely as likely as the drug transaction Devlin believed he had witnessed. In any event, an officer is not required to eliminate all innocent explanations for a suspicious set of facts to have probable cause to make an arrest. As we explained in *Gates*, "[i]n making a determination of probable cause the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." 462 U. S., at 244, n. 13.

The Pennsylvania Supreme Court emphasized that the police did not actually see any drugs. 941 A. 2d, at 679.

But Officer Devlin and his partner were conducting undercover surveillance.  From a distance, it would be difficult to have a clear view of the small objects that changed hands.  As the Commonwealth explains in its petition for certiorari, the "classic" drug transaction is a hand-to-hand exchange, on the street, of cash for small objects.  Pet. for Cert. 5–8.  The Pennsylvania Supreme Court's decision will make it more difficult for the police to conduct drug interdiction in high-crime areas, unless they employ the riskier practice of having undercover officers actually make a purchase or sale of drugs.

The Pennsylvania Court also noted that the defendant did not flee.  941 A. 2d, at 671.  Flight is hardly a prerequisite to a finding of probable cause.  A defendant may well decide that the odds of escape do not justify adding another charge to that of drug possession.  And of course there is no suggestion in the record that the defendant had any chance to flee—he was caught redhanded.

Aside from its importance for law enforcement, this question has divided state courts, a traditional ground warranting review on certiorari.  S. Ct. Rule 10(b).  The New Jersey Supreme Court has held that an "experienced narcotics officer" had probable cause to make an arrest when—in a vacant lot in a high-drug neighborhood—he "saw defendant and his companion give money to [a] third person in exchange for small unknown objects."  *State* v. *Moore*, 181 N. J. 40, 46–47, 853 A. 2d 903, 907 (2004).  The Rhode Island Supreme Court reached the same conclusion in a case where the defendants—through their car windows—exchanged cash for a small "bag of suspected narcotics."  *State* v. *Castro*, 891 A. 2d 848, 851–854 (2006).  In contrast, the Colorado Supreme Court held that a hand-to-hand exchange of unknown objects did not give the police probable cause to make an arrest, even where one of the men was a known drug dealer.  *People* v. *Ratcliff*, 778 P. 2d 1371, 1377–1378 (1989).  All these cases have unique

factual wrinkles, as any probable-cause case would, but the core fact pattern is the same: experienced police officers observing hand-to-hand exchanges of cash for small, unknown objects in high-crime neighborhoods.

The Pennsylvania Supreme Court speculated that such an exchange could have been perfectly innocent. But as Judge Friendly has pointed out, "[j]udges are not required to exhibit a naiveté from which ordinary citizens are free." *United States* v. *Stanchich*, 550 F. 2d 1294, 1300 (CA2 1977). Based not only on common sense but also his experience as a narcotics officer and his previous work in the neighborhood, Officer Devlin concluded that what happened on that street corner was probably a drug transaction. That is by far the *most* reasonable conclusion, even though our cases only require it to be *a* reasonable conclusion.

I would grant certiorari and reverse the judgment of the Pennsylvania Supreme Court.