NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3251-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

CONOR R. MAHONEY,

 Defendant-Appellant.
____________________________

 Submitted April 25, 2017 – Decided May 17, 2017

 Before Judges Fasciale and Gilson.

 On appeal from the Superior Court of New
 Jersey, Law Division, Morris County,
 Accusation No. 15-01-0097.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Michael Confusione, Designated
 Counsel, on the brief).

 Fredric M. Knapp, Morris County Prosecutor,
 attorney for respondent (Paula C. Jordao,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Following the denial of his motion to suppress physical

evidence, defendant Conor R. Mahoney pled guilty to third-degree

possession of heroin, N.J.S.A. 2C:35-10(a)(1). He was sentenced
in accordance with his plea agreement to one year of probation.

Defendant now appeals the denial of his motion to suppress and his

sentence. We affirm.

 I.

 The relevant facts were developed at an evidentiary hearing,

during which one witness, Officer Jorge Reyes, testified.

According to Officer Reyes, on October 26, 2014, at approximately

4:50 p.m., he observed a vehicle with a rear center brake light

that was not operating. Officer Reyes effectuated a motor vehicle

stop. There were two occupants in the vehicle. Defendant was the

driver and there was a male passenger. As the officer approached

the vehicle, he observed that the driver and passenger "appeared

to be picking their hips up as if they were concealing something."

Officer Reyes then observed pieces of wax paper inside the vehicle,

which he knew based on his training and experience were used to

package heroin. The officer also requested defendant to provide

his credentials and, during that process, he observed defendant

open the glove compartment in which he could see a folding knife.

 The officer called for backup and asked defendant to step out

of the car. While outside the vehicle, Officer Reyes observed

that defendant had fresh needle-track marks on his arm. The

officer waited approximately three minutes for backup officers to

arrive and, when they did, he conducted a pat-down search of

 2 A-3251-15T2
defendant. During that search, he felt a bulge in defendant's

left pocket.1 Officer Reyes then arrested defendant and retrieved

approximately forty-five folds of heroin from defendant's pocket.

 After hearing the testimony and reviewing a video from the

police vehicle showing the stop and Officer Reyes' interaction

with defendant, the motion judge found that the stop of the vehicle

was lawful and the pat-down search was incident to defendant's

arrest. In that regard, the motion judge reasoned that the officer

had probable cause to arrest defendant before he conducted the

pat-down search. The court embodied its rulings in an order,

together with a written statement of reasons, issued on January

7, 2016.

 As noted earlier, following the denial of his motion to

suppress, defendant pled guilty to possession of heroin. He was

sentenced to one year of probation as called for in his plea

agreement.

 II.

 On appeal, defendant makes two arguments:

1
 Officer Reyes asked defendant what was in his pocket and
defendant responded that it was "dope." The motion judge
suppressed that and other statements made by defendant because he
had not been given his Miranda warnings. Miranda v. Arizona, 384
U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

 3 A-3251-15T2
 Point I – The trial court erred in denying
 defendant's motion to suppress physical
 evidence seized by police.

 Point II – Defendant's sentence is improper
 and excessive.

 In reviewing a motion to suppress, we defer to the trial

court's factual and credibility findings, "so long as those

findings are supported by sufficient credible evidence in the

record." State v. Handy, 206 N.J. 39, 44 (2011) (quoting State

v. Elders, 192 N.J. 224, 243 (2007)). Deference is afforded

"because the 'findings of the trial judge . . . are substantially

influenced by his [or her] opportunity to hear and see the

witnesses and to have the "feel" of the case, which a reviewing

court cannot enjoy.'" State v. Reece, 222 N.J. 154, 166 (2015)

(first alteration in original) (quoting State v. Locurto, 157 N.J.

463, 471 (1999)). "An appellate court should disregard those

findings only when a trial court's findings of fact are clearly

mistaken." State v. Hubbard, 222 N.J. 249, 262 (2015) (citing

State v. Johnson, 42 N.J. 146, 162 (1964)). The legal conclusions

of a trial court are reviewed de novo. Id. at 263 (citing State

v. Gandhi, 201 N.J. 161, 176 (2010)).

 The Fourth Amendment of the United States Constitution and

Article I, Paragraph 7 of the New Jersey Constitution protect

individuals from unreasonable searches and seizures. U.S. Const.

 4 A-3251-15T2
amend. IV; N.J. Const. art. I, ¶ 7. "There is a constitutional

preference for" law enforcement officers to obtain a warrant from

a neutral magistrate before conducting a search or seizure. State

v. Pineiro, 181 N.J. 13, 19 (2004); State v. Ravotto, 169 N.J.

227, 236 (2001). Among the exceptions to a search or seizure

conducted without a warrant is a search incident to a lawful

arrest. State v. Minitee, 210 N.J. 307, 318 (2012).

 Here, the motion judge found that Officer Reyes had probable

cause to arrest defendant based on the officer's observation of

the wax folds in plain view. The motion judge also relied on the

officer's testimony that he observed defendant trying to hide

evidence and that defendant had fresh needle-track marks on his

arm. Defendant argues that there was insufficient probable cause

to arrest him for possession of drug paraphernalia. Moreover,

defendant points out that he was never charged with possession of

drug paraphernalia.

 A lawful arrest is predicated on probable cause or "a well-

grounded suspicion that a crime has been or is being committed."

State v. Marshall, 199 N.J. 602, 610 (2009) (quoting State v.

O'Neal, 190 N.J. 601, 612 (2007)). The facts and circumstances

must show "reasonable ground for belief of guilt." Ibid. (quoting

O'Neal, supra, 190 N.J. at 612). "Although several factors

considered in isolation may not be enough," when analyzed under

 5 A-3251-15T2
the totality of the circumstances, their cumulative effect can

support probable cause. State v. Moore, 181 N.J. 40, 46 (2004).

 Officer Reyes was the only witness who testified at the

evidentiary hearing. Although the motion judge did not expressly

find the officer's testimony credible, he clearly relied on that

testimony. See Locurto, supra, 157 N.J. at 473 ("[T]he Court

found it unnecessary for a trial court to enunciate credibility

findings when the record as a whole made the findings clear[.]"

(citing State v. Hodgson, 44 N.J. 151, 163 (1965), cert. denied,

384 U.S. 1021, 86 S. Ct. 1929, 16 L. Ed. 2d 1022 (1966))). Based

on the testimony of Officer Reyes, there was probable cause to

arrest defendant for possession of drug paraphernalia and illegal

drug possession. Accordingly, the officer had the lawful right

to conduct a pat-down search incident to the arrest. That pat-

down search revealed the heroin, which was then lawfully seized.

 A. The Sentence

 Defendant contends that this matter should be remanded for

resentencing because the sentencing judge did not sufficiently

explain the facts supporting the aggravating factors. We disagree.

 We accord substantial deference to sentencing determinations

and will "not substitute [our] judgment for that of the sentencing

court." State v. Fuentes, 217 N.J. 57, 70 (2014). We will affirm

a criminal sentence unless:

 6 A-3251-15T2
 (1) the sentencing guidelines were violated;

 (2) the aggravating and mitigating factors
 found by the sentencing court were not based
 upon competent and credible evidence in the
 record; or

 (3) "the application of the guidelines to the
 facts of [the] case makes the sentence clearly
 unreasonable so as to shock the judicial
 conscience."

 [Ibid. (alteration in original) (quoting State
 v. Roth, 95 N.J. 334, 364-65 (1984)).]

 Here, the sentencing judge found aggravating factors three

and nine, N.J.S.A. 2C:44-1(a)(3) and (9), and mitigating factors

one, two, six, and ten, N.J.S.A. 2C:44-1(b)(1), (2), (6) and (10).

The judge articulated the facts supporting each of these findings

of aggravating and mitigating factors. We discern no abuse of

discretion or error in the sentence.

 Affirmed.

 7 A-3251-15T2