**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0410-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT L. GILLIARD, a/k/a
ROBERT GILLARD,

    Defendant-Appellant.

_____

Submitted June 19, 2018 - Decided July 20, 2018

Before Judges Simonelli and Koblitz.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Indictment Nos.
14-10-1836, 15-03-0546, 16-05-0798.

Joseph E. Krakora, Public Defender, attorney
for appellant (Daniel S. Rockoff, Assistant
Deputy Public Defender, on the brief).

Gurbir S. Grewal, Attorney General, attorney
for respondent (Frank Muroski, Deputy Attorney
General, of counsel and on the brief).

PER CURIAM

    Defendant Robert L. Gilliard appeals from three convictions

for third-degree drug charges in three different Monmouth County

indictments. He takes issue with the denial of his motion to suppress filed in connection with one indictment, arguing the police did not have probable cause to ask his drug purchaser to open her mouth, causing her to spit out the heroin that forms the basis of Indictment No. 15-03-0546. We disagree and affirm.

Defendant pled guilty to third-degree drug charges in three Monmouth County indictments: No. 15-03-0546, distribution of heroin, N.J.S.A. 2C:35-5(b)(3); No. 14-10-1836, possession of heroin, N.J.S.A. 2C:35-10(a)(1); and No. 16-05-0798, possession of cocaine, N.J.S.A. 2C:35-10(a)(1). On August 5, 2016, the judge sentenced defendant to concurrent five-year drug court probationary terms on the three convictions and dismissed all other counts in the three indictments.

We glean the following facts from the suppression hearing. On January 19, 2015, at about noon, Long Branch Detective Joseph Spitale went to Chelsea Avenue and the railroad tracks on a report that "they were selling heroin." Spitale was a passenger in an unmarked police car accompanied by three other officers. He saw defendant, who Spitale knew to live on Chelsea Avenue and have the "street name" of "Biz." Defendant noticed Spitale and left, as did a woman in a gold Saturn car. The Saturn drove to the front of a nearby liquor store. Spitale was dropped off where he could

surreptitiously stand and look through the slats of a fence and see the woman and defendant interact.

Spitale saw defendant signal the Saturn to wait. Defendant returned in five to ten minutes and approached the car. The front passenger gave him money and defendant gave her a white object. The Saturn drove off and Spitale stopped defendant. Spitale also advised the other officers through his hand-held radio that he had seen a drug transaction involving the front passenger of the Saturn.

Long Branch Police Officer Gary Vecchione was in that unmarked police car, parked where he could observe defendant approach the gold Saturn. After hearing from Spitale, the officers followed and stopped the Saturn, which had failed to stop at a stop sign. Another officer then said out loud that he saw the front seat passenger, Shirley Kell, put something in her mouth. She was told to open her mouth. She spit out a white envelope containing heroin that Vecchione retrieved from the ground. Kell told the police she had purchased the heroin from "Biz."

On appeal, defendant argues:

> POINT I:  BECAUSE THE STATE DID NOT PROVE THAT OFFICERS HAD PROBABLE CAUSE FOR A WARRANTLESS SEARCH OF PASSENGER SHIRLEY KELL'S MOUTH, THE COURT ERRED BY DENYING MR. GILLIARD'S MOTION TO SUPPRESS.

A-0410-16T4

Probable cause exists where, given the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." State v. Moore, 181 N.J. 40, 46 (2004) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). The central component of probable cause "is a well-grounded suspicion that a crime has been or is being committed." State v. Nishina, 175 N.J. 502, 515 (2003) (quoting State v. Sullivan, 169 N.J. 204, 211 (2001)). This standard for probable cause is identical under both the Fourth Amendment of the Federal Constitution and Article I, Paragraph 7 of the New Jersey Constitution. State v. Novembrino, 105 N.J. 95, 122 (1987).

Probable cause may be established by an officer's observation of a hand-to-hand exchange in a high narcotics-trafficking area. Moore, 181 N.J. at 43-44 (2003). Although the police did not testify that this area was a high-crime area, an anonymous tip that a drug transaction was taking place adds to the quantity of incriminating information known to the police.

Contrary to defendant's argument, the police had reasonable and articulable suspicion to stop the Saturn. State v. Scriven, 226 N.J. 20, 33-34 (2016). The police had seen what they believed was a drug transaction involving the front seat passenger and had also observed the driver commit a traffic infraction. N.J.S.A. 39:4-144(a) (failure to stop at a stop sign).

The police then saw the front seat passenger, Kell, who had been seen purchasing the suspected drugs, place something in her mouth. When asked to open her mouth, the white envelope was visible as she spit the drugs out. The police had probable cause to believe that Kell, after being stopped, was trying to conceal the drugs she had just purchased from defendant. They were therefore justified in asking Kell to open her mouth.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0410-16T4