**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2562-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

COREY M. TAYLOR a/k/a
COREY SIMPKINS,

      Defendant-Appellant.

_____

> Submitted September 5, 2018 – Decided September 10, 2018
>
> Before Judges Alvarez and Gooden Brown.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 14-11-2771 and 15-12-2989.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On January 20, 2017, defendant Corey Taylor was sentenced in accord with his plea agreement with the State on the following offenses: third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a); third-degree unlawful possession of a weapon (a rifle), N.J.S.A. 2C:39-5(c)(1); and second-degree unlawful possession of a weapon (a handgun), N.J.S.A. 2C:39-5(b). On the second-degree offense, the judge sentenced defendant to seven years subject to forty-two months of parole ineligibility, in accord with the Graves Act, N.J.S.A. 2C:43-6(c), on the rifle possession, defendant received five years subject to three years of parole ineligibility, again, pursuant to the Graves Act. A concurrent five year term was imposed on the third-degree drug possession offense. The remaining numerous counts of the two separate indictments were dismissed pursuant to the plea agreement. Defendant appeals the denial of his pretrial motions to suppress. For the reasons that follow, we affirm.

I.

With regard to the third-degree unlawful drug possession, Newark police officer Christopher Segarra testified that on the morning of June 4, 2014, he was dispatched with two other officers to an area he patrolled on a daily basis. All

2

the officers were in civilian clothing, but wearing police badges around their necks. Over the time he was assigned there, Segarra had made several arrests for weapons and narcotics. Prior to going to the location, he was informed of an anonymous call to the station stating that a heavy-set male wearing a white shirt and yellow shorts had been seen brandishing a gun. When the officers arrived, they saw two men engaging in a conversation "pretty much in the middle of the street." As they approached, the men were observed exchanging items in a "possible hand-to-hand transaction." The officers announced themselves after stepping out of the vehicle; the two men looked towards them and fled. The officers chased after the man wearing the white shirt and yellow shorts, later identified as defendant. While running, defendant "was pretty much grabbing his left side." After defendant and Segarra vaulted a fence, defendant tossed a Ziploc bag, which Segarra grabbed as he continued to give chase. Defendant ran down a driveway, where he was stopped by the other officers. The Ziploc bag was later found to have numerous bags of heroin and cocaine. When defendant was searched incident to his arrest, the officers found eight bags of marijuana and sixty-two dollars in cash.

The judge relied on several factors in denying the motion to suppress. Segarra, whom he found credible, had ten years of experience with narcotics

investigations. The area was known to be an open air drug market, and had been the subject of many calls by citizens. Segarra immediately noticed defendant because he matched the anonymous caller's description of a man brandishing a handgun, and appeared to be engaging in a drug transaction. Furthermore, the men fled when the officers showed their badges and directed defendant to stop. During the ensuing chase, Segarra saw defendant toss a bag onto the ground. Hence, the judge held the officer had a reasonable and articulable suspicion to detain defendant initially, and to pursue defendant and seize the bag he tossed. The judge also found the arrest and search incident to arrest lawful.

II.

The weapons convictions stemmed from seizures made under the authority of a search warrant. East Orange Police Department Sergeant Anthony Ricks applied for the warrant. In the supporting affidavit, he said he and an undercover officer had previously made a buy from a codefendant who was standing in front of a particular address listed in the warrant and affidavit. During the purchase, the undercover officer was instructed by the codefendant to go next door. A codefendant entered the address for about two minutes before returning to hand the undercover officer two small bags of marijuana in exchange for twenty dollars. During surveillance, Ricks observed several individuals——including

4

defendant——going in and out of the house and seemingly engaging in narcotics activities.

In Ricks's search warrant affidavit, he stated that the undercover officer "was equipped with an audio/video recording device which would be used to record any conversations and/or transactions which may take place." No recordings were produced by the return date of the motion to suppress. In the affidavit, Ricks said that "[i]ntelligence gathered as well as prior undercover narcotics purchases led [him] to believe that narcotics (namely marijuana), was being distributed at the said location from [the codefendant] and a Mr. Cory Taylor."

In his written motion decision, the judge opined that the details of the controlled buy sufficed to establish probable cause for the search warrant. The description of the interaction established the necessary nexus between the contraband and the relevant address. Therefore, he concluded, defendant fell short of meeting his burden to demonstrate no probable cause existed.

The judge also addressed defendant's objection that the information was stale, stating that in addition to the details of the July 1 buy, which took place nine days prior to the application for a search warrant, Ricks mentioned prior undercover narcotics purchases connecting defendant to the relevant address.

The judge therefore concluded that the nature of the alleged activity was ongoing, making the issue of staleness irrelevant. Additionally, nine days was not so extended a delay as to warrant suppression based on staleness. Accordingly, he denied this motion as well.

III.

Defendant raises the following points for our consideration:

> POINT I
> THE FIRST MOTION TO SUPPRESS EVIDENCE SHOULD
> HAVE BEEN GRANTED BECAUSE THE OFFICERS LACKED
> REASONABLE SUSPICION TO BELIEVE DEFENDANT WAS
> ENGAGED IN CRIMINAL ACTIVITY PRIOR TO SEIZING
> HIM.
>
> POINT II
> THE SECOND MOTION TO SUPPRESS EVIDENCE SHOULD
> HAVE BEEN GRANTED BECAUSE THE SEARCH WARRANT
> WAS NOT SUPPORTED BY PROBABLE CAUSE SPECIFIC
> TO THE HOME THAT WAS SEARCHED.
>
> POINT III
> A REMAND FOR RESENTENCING IS REQUIRED BECAUSE
> THE COURT DID NOT ADEQUATELY EXPLAIN THE

SENTENCE AND IMPROPERLY WITHHELD TWO
DAYS OF
JAIL CREDIT.

> A. A Remand Is Required Because the
> Court Did Not Adequately Explain the
> Sentence Imposed.
>
> B. A Remand Is Required Because
> Defendant is Entitled to Two Additional
> Days of Jail Credit.
>
> C. A Remand Is Required to Vacate the
> Parole Bar Imposed on the Rifle
> Conviction.

The State concedes that no parole bar should have been imposed on the third-degree possession of a rifle, as it did not fall under the purview of the Graves Act. Accordingly, the matter must be remanded for correction of the judgment. On remand, the court should also consider whether defendant is entitled to additional days of credit. The police report referenced by defendant in support of his argument does appear to indicate that defendant was taken into custody on July 10, 2015, as opposed to July 12, 2015——the date listed on the pre-sentence report. It is also true that defendant was actually taken into custody on an unrelated arrest warrant for other narcotic offenses. The credits cannot be resolved on this record, and require additional information to be presented to the sentencing judge before the matter can be resolved.

A-2562-16T1

IV.

Defendant contends that his motion to suppress the drugs should have been granted because the officers lacked a reasonable suspicion for the stop. This argument lacks merit.

The determination as to whether the State has met its preponderance of the evidence burden to show officers had adequate reasonable suspicion is highly fact-sensitive and requires careful consideration of the totality of the circumstances. State v. Coles, 218 N.J. 322, 343 (2014); State v. Mann, 203 N.J. 328, 338 (2010). The decision calls for an objective evaluation of the circumstances and the facts available at the time of the encounter. State v. Pineiro, 183 N.J. 13, 21-27 (2004); State v. Stovall, 170 N.J. 346, 361 (2002).

In this case, as the judge observed, multiple factors established reasonable suspicion. A credible police officer testified that the area was an open air narcotics market about which numerous civilian complaints had been received. Although that factor alone would not be dispositive, it may be considered in conjunction with others. State v. Bard, 445 N.J. Super. 145, 158-59 (App. Div. 2016). Additionally, defendant was dressed precisely as an anonymous caller reporting a man with a gun described and had the same physical build. That would have warranted at least a field inquiry, but when the officers arrived, they

8

also observed defendant engaged in a drug transaction.  That the officer did not fully detail his observations is not sufficient to discount his interpretation of events.  The officer had ten years of experience witnessing drug trafficking.  The judge properly credited Segarra's belief that he saw a drug transaction.

V.

Defendant also contends that the motion to suppress the evidence seized on the warranted search should have been granted because Ricks's affidavit did not establish probable cause.  This claim also lacks merit.

Defendant argues that Ricks's statement about prior intelligence and the controlled buy was insufficient to demonstrate probable cause.  But an undercover agent conducted the drug buy from the premises.  The personal observations of law enforcement officers are generally regarded as highly reliable and sufficient to establish probable cause.  See State v. O'Neal, 190 N.J. 601, 613-14 (2007); State v. Moore, 181 N.J. 40, 46-47 (2004); State v. Myers, 357 N.J. Super. 32, 39-40 (App. Div. 2003).  Thus, the information in the affidavit sufficed.

That nine days elapsed before the search warrant application is entirely insignificant.  Accordingly, the court also did not err in denying the motion to suppress evidence seized during the execution of the search warrant.

## VI.

Finally, defendant argues that the matter should be remanded for resentencing. He characterizes the judge's discussion of the aggravating and mitigating factors as too superficial. However, it is black letter law that we will affirm a sentence——after deferential review——so long as the sentencing guidelines were not violated, the aggravating and mitigating factors found by the trial judge were based upon competent and credible evidence, and the sentence does not shock the judicial conscious. State v. Fuentes, 217 N.J. 57, 70 (2014) (citing State v. Roth, 95 N.J. 334, 364-65 (1984)). When sentencing defendant in accord with the terms of the plea bargain in this case, the judge noted defendant's personal circumstances and extensive prior contacts with the system. At thirty-six, defendant had nine prior juvenile adjudications, seven indictable convictions, two disorderly persons offenses, and had been unsuccessfully placed on probation and parole. Against this backdrop, the judge found aggravating factors three, six, and nine. N.J.S.A. 2C:44(a)(3), (6), and (9). Clearly, the aggravating factors preponderated, but he nonetheless sentenced defendant to the agreed upon term. We are satisfied that the sentencing calculus was supported by the record and did not violate sentencing guidelines. It does not shock our conscience.

A-2562-16T1

Affirmed, except that the matter is remanded to modify the parole ineligibility term on the possession of a rifle count and for consideration of defendant's claim that he is entitled to two additional days of jail credits.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2562-16T1