**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1321-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DARRELL M. HALL,

     Defendant-Appellant.

_____

Submitted September 9, 2019 – Decided  September 18, 2019

Before Judges Sabatino and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 15-04-0554.

Joseph E. Krakora, Public Defender, attorney for appellant (Cody Tyler Mason, Assistant Deputy Public Defender, of counsel and on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Timothy Francis Trainor, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Darrell M. Hall appeals the trial court's denial of his motion to suppress drugs and a gun that police confiscated from his person in the course of a warrantless arrest and search. We affirm.

The main witness at the suppression hearing was Trenton Police Detective David Ordille, an experienced police officer who had worked on narcotics matters for over eight years and had investigated several thousand cases. Ordille was on surveillance with two other officers on the evening of November 4, 2014, in the vicinity of the 200 block on Walnut Avenue in Trenton, which he described as "a known narcotics area." According to Ordille, he observed Hall take part in four separate sales of drugs. In each transaction, the customer walked up to the porch of the residence, handed money to Hall's co-defendant, Allan R. Cooper, and then Hall gave the customer the drugs. Notably, in the first transaction, Ordille saw the customer put the purchased drugs in a pipe, smoke it, and say, "This is good shit," or words to that effect.

After arresting Hall at the scene, the police found on his person crack cocaine, a gun, and $114 in cash. He was charged with co-defendant Cooper in a seventeen-count indictment with various drug and weapons offenses.

Defendant presented two witnesses at the suppression hearing, Cooper and Stanley Akers. Cooper claimed that no criminal activity on the porch occurred.

A-1321-17T1

Akers stated that no criminal activity occurred for the approximately fifteen minutes he was on the porch with Hall. Akers also stated that the street light in front of the residence had not been working. He claimed he had been on the porch with Hall innocently discussing basketball when the police converged on them.

In an oral opinion at the end of the suppression hearing on January 18, 2017, Judge Thomas M. Brown denied the motion to suppress. Among other things, the judge found Detective Ordille's testimony credible. The judge rejected the defense argument that it was implausible for Ordille to observe drug transactions, and that the men on the porch would have dispersed if they saw three police officers nearby. The judge concluded that, given Ordille's description of the circumstances, the police had probable cause to arrest defendant and search him incident to that arrest.

After losing the suppression motion, defendant entered into a plea agreement with the State, pleading guilty only to a "certain persons" gun possession count, N.J.S.A. 2C:39-7(b). The other counts were dismissed. Judge Brown sentenced defendant to a five-year custodial term with a five-year parole disqualifier, consistent with the plea agreement.

On appeal pursuant to Rule 3:5-7(d), defendant raises the following argument:

> THE COURT'S DENIAL OF THE MOTION TO SUPPRESS WAS NOT BASED ON SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD, SUCH THAT THE ORDER SHOULD BE REVERSED AND THE RESULTING EVIDENCE SUPPRESSED.

In particular, defendant attacks the judge's credibility findings, arguing the police could not have seen the activity on the porch with poor lighting. Defendant urges that it is unrealistic to think he and the others on the porch would have openly engaged in drug transactions in the presence of the officers.

In considering defendant's arguments for reversal, our scope of review is limited. When evaluating a trial judge's ruling on a suppression motion, we afford considerable deference to the judge's role as a fact-finder. Our review of the judge's factual findings is "exceedingly narrow." State v. Locurto, 157 N.J. 463, 470 (1999). We must defer to those factual findings "so long as those findings are supported by sufficient evidence in the record." State v. Hubbard, 222 N.J. 249, 262 (2015) (internal citations omitted). As part of that deference, we must respect the trial judge's assessments of credibility, in light of the judge's ability to have made "observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." Locurto,

A-1321-17T1

157 N.J. at 474 (internal citations omitted). That said, we owe no deference to the trial judge's conclusions of law. See State v. Hinton, 216 N.J. 211, 228 (2013) (internal citations omitted).

The applicable legal principles are well established. A criminal defendant has a constitutional right to be free from indiscriminate searches and seizures by police without a warrant, unless one or more recognized categorical exceptions to the warrant requirement apply. State v. Witt, 223 N.J. 409, 422 (2015) (citing State v. Frankel, 179 N.J. 586, 598, cert. denied, 543 U.S. 876 (2004)).

Here, the State relies upon the well-established Fourth Amendment exception authorizing the warrantless search of persons incident to their lawful arrest. See Chimel v. California, 395 U.S. 752, 762-63 (1969); State v. Dangerfield, 171 N.J. 446, 461 (2002). Such police conduct is lawful if the police had probable cause to make the arrest prior to the search. Dangerfield, 171 N.J. at 456.

Probable cause to arrest is "something less than [the] proof needed to convict and something more than a raw, unsupported suspicion." State v. Davis, 50 N.J. 16, 23 (1967). Such probable cause exists when the totality of the facts and circumstances presented to the arresting officer would support "a [person] of reasonable caution in the belief that an offense has been or is being

committed." State v. Sims, 75 N.J. 337, 354 (1978) (quoting Draper v. United States, 358 U.S. 307, 313 (1959)). A "principal component of the probable cause standard [for search and arrest] 'is a well-grounded suspicion that a crime has been or is being committed.'" State v. Harris, 384 N.J. Super. 29, 47 (App. Div. 2006) (quoting State v. Moore, 181 N.J. 40, 45 (2004)).

The trial court correctly applied these legal principles in concluding that the police officers at the scene of these observed narcotics transactions had probable cause to arrest and search Hall for engaging in apparent drug transactions. As we have noted, the trial court expressly found Officer Ordille's testimony credible, as well as his description of what he had observed from an unobstructed view. By contrast, the court was not persuaded by the testimony of the defense witnesses who offered a different version of what had occurred. These credibility findings are supported by substantial evidence in the record. It is not our role to second-guess them.

We accordingly uphold the court's denial of the suppression motion, substantially for the reasons detailed in Judge Brown's sound oral opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1321-17T1