IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | § | |
| | § | No. 430, 2019 |
| Plaintiff Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| ALFRED TERRY, | § | |
| | § | Cr. ID No. 1803009958 (K) |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: March 18, 2020
Decided: April 2, 2020

Before, **SEITZ**, Chief Justice; **VALIHURA**, and **MONTGOMERY-REEVES** Justices.

## O R D E R

This 2nd day of April, 2020, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The State appeals the Superior Court's September 10, 2019 order granting defendant Alfred Terry's motion to suppress. The State argues that the Superior Court applied the incorrect legal standards to assess the police search of Terry's automobile and person. Terry concedes that the Superior Court used the incorrect legal standards and, thus, erroneously granted his motion to suppress. For the

reasons identified below, we agree with the State and reverse the judgment of the Superior Court.

(2) On March 15, 2018, Detective John Willson witnessed Terry leaving his home in Dover, Delaware and recognized him from an ongoing investigation.[1] Terry drove a Ford Escape with all windows, other than the windshield, heavily tinted.[2] Detective Willson followed Terry for approximately one mile and witnessed Terry stop on the side of the road to conduct a hand-to-hand transaction with an unknown person.[3] Due to his training and experience, Detective Willson believed he had witnessed a drug transaction.[4] Detective Willson, who was in an unmarked car, radioed to Officers Willie Johnson and Justin Richey to inform them of his observations.[5] Officer Richey conducted a Criminal Justice Information Services check and discovered that Terry did not have a window tint waiver.[6] Officer Johnson then conducted a stop of Terry's vehicle.[7]

(3) Officer Johnson pulled Terry over, approached Terry's driver's side window, and, due to the heavy tint, asked Terry to roll down all of the vehicle's

---

[1] App. to Opening Br. 16, 32 ("A__" hereafter).
[2] A16-17.
[3] A33, 35.
[4] A33-34.
[5] A36.
[6] A46-47.
[7] A17, 41, 46.

2

windows.[8] Officer Richey, who approached the passenger side of the vehicle, immediately noticed a strong odor of cologne emanating from the vehicle.[9] Officer Richey also observed that Terry was nervous.[10] Once the cologne began to dissipate, both officers noticed the smell of marijuana.[11]

(4) Officer Johnson removed Terry from the vehicle "for a search of his person and vehicle."[12] Upon exiting the vehicle, Terry admitted to having "a bit of marijuana inside his pants pocket that he had forgotten he had."[13] Johnson searched Terry and recovered a plastic bag containing approximately 1.7 grams of marijuana from Terry's front pants pocket.[14] After searching Terry, the officers conducted a search of the vehicle. They recovered a loaded handgun under the driver's seat, a digital scale in the center console, plastic baggies, and an envelope containing 88 grams of marijuana.[15]

(5) On June 4, 2018, a Kent County grand jury indicted Terry for drug dealing, possession of a firearm during the commission of a felony, two counts of possession of a firearm by a person prohibited, carrying a concealed deadly weapon,

---

[8] A17, 48.
[9] A17.
[10] A66-67.
[11] A17, 49.
[12] A17.
[13] *Id.*
[14] *Id.*
[15] *Id.*

3

receiving a stolen firearm, and possession of drug paraphernalia.[16] On July 23, 2019, Terry filed a motion to suppress the evidence gathered from the police searches of his vehicle and person, arguing that the initial stop and both searches violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section VI of the Delaware Constitution.[17]

(6) On September 10, 2019, the Superior Court granted the motion, holding that the police searches of Terry's vehicle and person were unconstitutional.[18] The State certified that the suppressed evidence was essential for the prosecution of the case and moved for dismissal.[19] On September 20, 2019, the Superior Court granted the State's motion and dismissed the indictment.[20] The State now appeals the Superior Court's September 10, 2019 order.

(7) This Court reviews the Superior Court's resolution of a motion to suppress for an abuse of discretion; nonetheless, we review questions of law *de novo*.[21]

(8) On appeal, the State argues that the Superior Court abused its discretion by applying the wrong legal standards to assess the warrantless searches of Terry's vehicle and person.

---

[16] A1.

[17] A8-12.

[18] Opening Br. Ex. A.

[19] A5.

[20] *Id.*

[21] *Miller v. State*, 25 A.3d 768, 770-71 (Del. 2011); *Sierra v. State*, 958 A.2d 825, 828 (Del. 2008); *Lopez-Vazquez v. State*, 956 A.2d 1280, 1284-85 (Del. 2008).

(9) The State first argues that the Superior Court abused its discretion when it suppressed evidence gathered from the search of Terry's vehicle because the State failed to show that exigent circumstances existed.[22] Terry responds that "[g]iven the Superior Court's findings . . . police had probable cause to search the vehicle without obtaining a search warrant regardless of the absence of exigent circumstances."[23]

(10) The United States Supreme Court has long acknowledged that police may search vehicles without a warrant so long as "the search [is] not malicious or without probable cause."[24] In 1985, this Court adopted the standard articulated by the United States Supreme Court in *U.S. v. Johns*[25] to assess warrantless vehicle searches. Police "may lawfully search [a] vehicle without a warrant" if "the police have probable cause to believe that an automobile is carrying contraband or evidence."[26] "A vehicle lawfully in police custody may be searched on the basis of probable cause to believe that it contains contraband, and there is no requirement of exigent circumstances to justify such a warrantless search."[27]

---

[22] Opening Br. 2.
[23] Answering Br. 2.
[24] *Carroll v. United States*, 267 U.S. 132, 147 (1925).
[25] 469 U.S. 478 (1985).
[26] *Tatman v. State*, 494 A.2d 1249, 1253 (Del. 1985) (citing *Johns*, 469 U.S. at 484).
[27] *Id.*; *see also Hall v. State*, 981 A.2d 1106, 1113–14 (Del. 2009) (rejecting an argument that the Delaware Constitution provides greater protections than the Fourth Amendment and requires showing both probable cause and exigent circumstances); *State v. DePasquale*, 1991 WL 138429, at *2 (Del. July 18, 1991); *Reeder v. State*, 2001 WL 355732 (Del. Mar. 26, 2001); *Valentine v. State*, 2019 WL 1178765 (Del. Mar. 12, 2019).

5

(11) Applying the correct automobile exception standard to the facts as found by the Superior Court, which neither party expressly challenges, reveals that the police search of Terry's vehicle qualified for the exception.[28]  When the officers approached Terry's vehicle, they noticed a strong odor of cologne coming from the car.  After the odor of cologne dissipated, they noticed a strong odor of marijuana.[29]  These facts, coupled with Detective Willson's observation of a hand-to-hand exchange,[30] establish that the officers had probable cause to believe that Terry's vehicle contained contraband; thus, the police officers were allowed to search the vehicle under the automobile exception.  The Superior Court abused its discretion when it suppressed evidence gathered during that search because no exigent circumstances existed.

---

[28] *Tatman*, 494 A.2d at 1253.  *See also Harris v. State*, 806 A.2d 119, 130 (Del. 2002) (finding that probable cause exists when "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found").

[29] *See Fowler v. State*, 2016 WL 5853434, at *1 (Del. Sept. 29, 2016) ("[T]his Court has found strong odors of other illegal drugs, by itself, to be sufficient to constitute probable cause."); *Hall*, 981 A.2d at 1114 ("The strong odor of PCP establishes probable cause to believe the vehicle occupied by Hall contained evidence of criminal activity.").

[30] *See State v. Davis*, 1988 WL 67724, at *2 (Del. Super. Ct. June 3, 1988) ("Here, the officer's observation of an 'exchange' weighs in favor of finding probable cause."); *see also Pennsylvania v. Dunlap*, 555 U.S. 964 (2008) ("All these cases have unique factual wrinkles, as any probable-cause case would, but the core fact pattern is the same: experienced police officers observing hand-to-hand exchanges.") (citing *State v. Moore*, 853 A.2d 903 (N.J. 2004); *State v. Castro*, 891 A.2d 848 (R.I. 2006); *People v. Ratcliff*, 778 P.2d 1371 (Colo. 1989)).

(12) The State further argues that the Superior Court abused its discretion when it suppressed the evidence of marijuana found during the search of Terry's person because no facts showed that the officers believed Terry was dangerous.[31] The Superior Court examined the "pat-down" of Terry as an officer safety frisk and granted the motion to dismiss under that analysis.[32] But the State maintains that the "pat-down" of Terry constituted a lawful search incident to arrest.[33] Terry agrees with the State and concedes in his Answering Brief that "the arresting police officers could search [Terry] as an incident to his arrest because the Superior Court found that there was probable cause to believe that he had committed a controlled substance offense in their presence."[34]

(13) Under 11 *Del C.* § 1904(a), police can make a warrantless arrest when "the officer has reasonable ground to believe that the person to be arrested has committed a misdemeanor."[35] Police can conduct a warrantless search of a person when that search is incident to the person's arrest.[36] Searches incident to arrest are valid if, at the time of the arrest, "the facts and circumstances within [the officers']

---

[31] Opening Br. 21-22.

[32] *Id.* Ex. A, at 10. The Superior Court stated that "[i]n order to justify a pat down on the grounds of officer safety, an officer must have reasonable, articulable suspicion that the person subject to the frisk is presently armed and dangerous." *Id.* (citing *State v. Abel*, 68 A.3d 1228, 1233 (Del. 2012)).

[33] Opening Br. at 2.

[34] Answering Br. 2.

[35] 11 *Del. C.* § 1904(a).

[36] *Ortiz v. State*, 2004 WL 2741185 (Del. Nov. 16, 2004).

knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the defendant] had committed or was committing an offense."[37] While searches incident to arrest normally follow the arrest, this Court has held that "where the arrest and search are nearly contemporaneous, the search may precede the arrest, so long as the police do not use the search to establish probable cause for the arrest."[38]

(14) Based on the facts determined by the Superior Court, Officer Johnson had probable cause to arrest Terry immediately before the search. At the time of the "pat down," Officer Johnson knew (i) that Detective Willson reasonably believed he witnessed Terry engage in a hand-to-hand drug transaction, (ii) that each of the officers smelled marijuana emanating from Terry's vehicle, and (iii) that Terry admitted to having "a bit of marijuana inside his pants pocket."[39] Taken as a whole, the three circumstances supported Officer Johnson's reasonable conclusion that Terry was in possession of drugs in violation of Delaware law. Thus, the officers had probable cause to perform a warrantless search of Terry incident to his arrest. The Superior Court abused its discretion in suppressing the evidence from that search on the basis that the officers did not have reasonable suspicion that Terry was armed and dangerous.

---

[37] *Coley v. State*, 2005 WL 2679329, at *2 (Del. Oct. 18, 2005).
[38] *Ortiz*, 2004 WL 2741185, at *3.
[39] A17, 33, 35, 49.

8

NOW, THEREFORE, IT IS ORDERED that the September 10, 2019 order of the Superior Court is REVERSED and this case is REMANDED to the Superior Court for proceedings consistent with this ruling.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice