959 A.2d 1209

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
ERNEST SPELL, DEFENDANT–RESPONDENT.

Argued October 20, 2008—Decided November 10, 2008.

*Boris Moczula,* Assistant Attorney General, argued the cause for appellant (*Anne Milgram,* Attorney General of New Jersey, attorney); *Natalie A. Schmid Drummond,* Deputy Attorney General, on the brief.

*John Vincent Saykanic,* argued the cause for respondent.

*Jeffrey S. Mandel,* argued the cause for *amicus curiae* Association of Criminal Defense Lawyers of New Jersey (*PinilisHalpern,* attorneys).

PER CURIAM.

Defendant Ernest Spell was convicted in municipal court of refusing to submit to a Breathalyzer® test, in violation of *N.J.S.A.* 39:4–50.2. At a trial de novo before the Law Division of the Superior Court, defendant was convicted anew, and that conviction was affirmed by the Appellate Division. *State v. Spell,* 395 *N.J.Super.* 337, 928 *A.*2d 921 (2007). We granted the petition for certification filed by the State of New Jersey, 194 *N.J.* 269, 944 *A.*2d 29 (2008), and denied defendant's cross-petition for certification. *Ibid.* We also granted to the Association of Criminal Defense Lawyers of New Jersey leave to appear as amicus curiae.

We affirm defendant's conviction substantially for the reasons expressed by the Appellate Division. As the panel succinctly noted, "defendant was found to have unequivocally refused to take the breathalyzer test[ and t]he record supports such a finding[.]" *Spell, supra,* 395 *N.J.Super.* at 347, 928 *A.*2d 921. We add only the following.

In further holding "that, effective on October 1, 2007,[1] officers must read the additional paragraph of the [New Jersey Motor Vehicle Commission Standard Statement for Operators of a Motor vehicle—*N.J.S.A.* 39:4–50.2(e) (rev. & eff., April 26, 2004)] whenever the defendant refuses to immediately take the breathalyzer exam upon request[,]" *id.* at 348, 928 *A.*2d 921, the Appellate Division exceeded its mandate. The additional paragraph of the standard statement to which the Appellate Division referred is to be read aloud only if, after all other warnings have been provided, a person detained for driving while intoxicated either conditionally consents or ambiguously declines to provide a breath sample. It provides, in full, as follows:

> I previously informed you that the warnings given to you concerning your right to remain silent and your right to consult with an attorney, do not apply to the taking of breath samples and do not give you a right to refuse to give, or to delay giving, samples of your breath for the purpose of making chemical tests to determine the content of alcohol in your blood. Your prior response, silence, or lack of response, is unacceptable. If you do not agree, unconditionally, to provide breath samples now, then you will be issued a separate summons charging you with refusing to submit to the taking of samples of your breath for the purpose of making chemical tests to determine the content of alcohol in your blood.
>
> Once again, I ask you, will you submit to giving samples of your breath?
>
> [New Jersey Motor Vehicle Commission Standard Statement for Operators of a Motor Vehicle—*N.J.S.A.* 39:4–50.2(e) (rev. & eff., April 26, 2004).]

The Appellate Division's holding that requires that police officers read that final, additional paragraph of the standard statement in all cases was not necessary to the determination of this case. To that extent, it is vacated. We take that action because the Legislature has vested in the Chief Administrator of the

---

[1] The State moved for a stay of the Appellate Division's decision "pending disposition and resolution of the State's petition for certification." Defendant joined in that application and separately moved for a stay pending consideration of its cross-petition for certification. The Appellate Division granted the State's motion and issued "a stay pending proceedings on the State's petition for certification." It also provided that "[i]f certification is granted, the stay shall continue pending the outcome of the appeal unless the Supreme Court decides otherwise." It likewise granted defendant's application, noting that the "stay shall continue through proceedings if the defendant's cross-petition is granted, and shall be automatically vacated if denied."

Motor Vehicle Commission (formerly the Director of the Division of Motor Vehicles) the authority to determine the contents and procedure to be followed in respect of that standard statement. *N.J.S.A.* 39:4–50.2(e) (providing that the "standard statement [that] shall be read by the police officer to the person under arrest" is to be prepared by the Chief Administrator of the Motor Vehicle Commission). Rather, in keeping with the express legislative allocation of responsibilities set forth in *N.J.S.A.* 39:4–50.2(e), we refer the procedure outlined by the Appellate Division to the Chief Administrator of the Motor Vehicle Commission for consideration. *See State v. Widmaier*, 157 *N.J.* 475, 498–99, 724 *A.*2d 241 (1999) (recognizing that when "it may be in the interest of both law enforcement officials and the driving public to amend the standard statement in order to eliminate any ambiguity concerning a motorist's intent to submit to the test[,]" judiciary may "recommend a modification to the instructions accompanying the statement[;]" it may "urge [that Chief Administrator of the Motor Vehicle Commission] consider revising the standard statement" as recommended; and it may "encourage [that Chief Administrator] simplify and clarify" statement). And, because the decision to amend the standard statement is vested in the sound discretion of the Chief Administrator, we do not retain jurisdiction over that aspect of this judgment.

As modified, the judgment of the Appellate Division is affirmed.

*For affirmance as modified*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA-SOTO and HOENS—7.

*Opposed*—None.