**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5351-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LONNIE HILL, JR.,

    Defendant-Appellant.

_____

Submitted November 14, 2018 – Decided March 12, 2019

Before Judges Ostrer and Currier.

On appeal from Superior Court of New Jersey, Law Division, Union County, Municipal Appeal No. 6190.

Michael S. Doran, attorney for appellant.

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (James C. Brady, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lonnie Hill, Jr. appeals from the Law Division's order entered after a de novo trial on the record. The Law Division judge found defendant guilty of refusing to submit to a breath test in violation of N.J.S.A. 39:4-50.4a. After reviewing the contentions in light of the record and the applicable legal principles, we affirm.

Defendant was charged with driving while intoxicated, N.J.S.A. 39:4-50, refusal to submit to a breath test, N.J.S.A. 39:4-50.4a, possession of an open container of alcohol in a motor vehicle, N.J.S.A. 39:4-51b, operating a motor vehicle while in possession of a controlled dangerous substance, N.J.S.A. 39:4-49.1, obstructing the passage of other vehicles, N.J.S.A. 39:4-67, parking on an angle on a one-way street, N.J.S.A. 39:4-135, and improper parking in front of driveway, N.J.S.A. 39:4-138d.[1]

We derive the facts from the testimony presented at the municipal court trial. On the night of these events, Linden police received a call reporting an unknown vehicle parked in the caller's driveway. When Officer James Schulhafer arrived at the scene, he noticed a black vehicle, with the engine

---

[1] Defendant was also charged with third-degree possession of a dangerous controlled substance, N.J.S.A. 2C:35-10(a)(1), which was dismissed prior to trial.

A-5351-16T4

running, keys in the ignition, and the windows rolled down. He approached the vehicle and saw defendant "sleeping or passed out" in the driver's seat, with empty beer cans scattered throughout the vehicle. When Schulhafer was finally able to wake defendant after several minutes, defendant informed the officer "he was chilling." Defendant stated he had been driving from Newark and stopped to use his phone. He believed he was in Elizabeth. During this conversation, Schulhafer observed defendant's "eyes were bloodshot and watery," his speech was "slurred and a bit slow," and he smelled of alcohol. When Schulhafer went to retrieve defendant's identification from the center console, he found a prescription pill bottle prescribed to another individual.

Believing defendant was under the influence of drugs or alcohol, Schulhafer conducted field sobriety tests, including a nine-step "walk and turn" and a "one-legged stand" test. As defendant performed the "walk and turn" test, Schulhafer observed numerous signs of intoxication: defendant began the test before the instructions were completed, took an incorrect number of steps, could not count his steps, could not walk in a straight line, could not keep his hands at his sides, and failed to pivot as instructed. The officer concluded defendant also failed the "one-legged stand" test because he could not keep his hands at his sides and stopped the test earlier than instructed. When defendant refused to

use a portable breath test, Schulhafer placed him under arrest and transported him to the police station.

After observing defendant for twenty minutes, and following the required protocol for the administration of the Alcotest, Schulhafer requested defendant blow into the machine. Defendant agreed to do so verbally, but ultimately never provided a breath sample. Schulhafer then read defendant the standard statement regarding refusal.[2] The statement informs a defendant of his right to refuse and the ramifications. Paragraph five provides: "If you refuse to provide samples of your breath, you will be issued a separate summons for the refusal. A [c]ourt may find you guilty of both refusal and driving while intoxicated." Paragraph eight informs:

> Any response from you that is ambiguous or conditional, in any respect to my request that you provide breath samples, will be treated as a refusal to submit to breath testing. Even if you agree to take the test, but then do not follow my instructions, do not properly perform the test, or do not provide sufficient breath samples, I will charge you with refusal to submit to breath testing.

---

[2] N.J.S.A. 39:4-50.2(e) requires the reading of a uniform statement to all persons before they submit to a breath test. The statement apprises drivers of the consequences of refusing to submit to a breath test. State v. Marquez, 202 N.J. 485, 497-98 (2010).

Schulhafer again tried to administer the Alcotest, but defendant began to "play[] games," questioning why he needed to give numerous samples and asking Schulhafer to re-read the statement. Perceiving this as defendant's attempt to "delay the process," Schulhafer gave defendant a "final warning," but defendant never provided a breath sample.

Defendant testified that he understood the instructions and the statement "loud and clear." He said he blew in the tube at the station as requested but had numerous questions as to why he had to do so. He disputed that he refused the Alcotest.

The municipal court judge found defendant guilty of refusal to submit to a breath test in violation of N.J.S.A. 39:4-50.4a.[3] Defendant appealed to the Law Division, where the court conducted a trial de novo on the record. The Law Division judge issued a well-reasoned, written opinion on June 30, 2017, finding defendant guilty of refusal, N.J.S.A. 39:4-50.4a.

In his decision, the Law Division judge found Schulhafer more credible than defendant "with regard to the administration of the breathalyzer based upon

_____

[3] The municipal court judge also found defendant guilty of possession of an open container of alcohol in a motor vehicle. N.J.S.A. 39:4-49.1. He does not appeal that determination. Defendant was found not guilty of the remaining charges.

a review of the [dashcam] video, [d]efendant's comportment and testimony at trial, and the documentary evidence."

The judge found defendant's actions constituted a refusal as he initially consented to provide a breath sample and then refused. The judge opined defendant "was not ambiguous or equivocal regarding his consent," and therefore a reading of the additional statement was unnecessary. The Law Division imposed the same fines and penalties as the municipal court: a seven-month driver's license suspension, twelve hours of Intoxicated Driver Resource Center classes, six months of an ignition interlock device and the requisite fines, fees, and costs.

On appeal, defendant argues:

> POINT I
>
> THE COURT'S CONCLUSION THAT THE ADDITIONAL STATEMENT NEED NOT BE READ WAS CLEARLY ERRONEOUS AND, AS A RESULT, DEFENDANT'S CONVICTION FOR REFUSAL SHOULD BE REVERSED.

Our scope of review is limited to whether the conclusions of the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). We do "not undertake to alter concurrent findings of facts and credibility determinations made by two lower

6

courts absent a very obvious and exceptional showing of error." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting State v. Locurto, 157 N.J. 463, 474 (1999)).

We give substantial deference to a trial judge's findings of fact. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Invr's Ins. Co., 65 N.J. 474, 484 (1974)). These findings should only be disturbed when there is no doubt that they are inconsistent with the relevant, credible evidence presented below, such as to result in a manifest denial of justice. 154 N.J. at 412. We owe no deference to the trial judge's legal conclusions. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

In order to sustain a conviction for a refusal charge, the following four elements must be satisfied:

> (1) the arresting officer had probable cause to believe that defendant had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol or drugs; (2) defendant was arrested for driving while intoxicated; (3) the officer requested defendant to submit to a chemical breath test and informed defendant of the consequences of refusing to do so; and (4) defendant thereafter refused to submit to the test.
>
> [State v. O'Driscoll, 215 N.J. 461, 475 (2013) (quoting Marquez, 202 N.J. at 503); see also N.J.S.A. 39:4-50.2(e); N.J.S.A. 39:4-50.4a].

Defendant contends the third element was not satisfied because his consent was ambiguous, therefore requiring Schulhafer to read the additional statement before charging him with refusal.  We disagree.

To "ensure that defendants understand the mandatory nature of the breathalyzer test," its purpose, the consequences of a refusal, "and the need for unequivocal, affirmative consent," the Legislature requires officers to read a standard statement to anyone subjected to the breath test under N.J.S.A. 39:4-50.2(e).  State v. Widmaier, 157 N.J. 475, 489 (1999).

The Supreme Court has stated that "anything substantially short of an unconditional, unequivocal assent to an officer's request that the arrested motorist take the breathalyzer test constitutes a refusal to do so."  Id. at 497 (quoting State v. Bernhardt, 245 N.J. Super. 210, 219 (App. Div. 1991)).  "The occasion is not one for debate, maneuver or negotiation, but rather for a simple 'yes' or 'no' to the officer's request."  Bernhardt, 245 N.J. Super. at 219 (internal quotation marks omitted).  "Once the defendant says anything except an unequivocal 'yes' to the officer's request after the officer has informed the defendant of the consequences of a refusal, the defendant cannot legally cure the refusal."  Ibid.

The reading of the additional paragraph on the standard statement form, referred to as the additional statement, is not a material element to a violation of N.J.S.A. 39:4-50.4a.[4] The paragraph was intended as an additional "procedural safeguard to help ensure that defendants understood the mandatory nature of the breathalyzer test, their limited rights to counsel for purposes of the test, and the need for unequivocal, affirmative consent." Widmaier, 157 N.J. at 489. As such, it is only required if "after all other warnings have been provided, a person detained for driving while intoxicated either conditionally consents or ambiguously declines to provide a breath sample." State v. Spell, 196 N.J. 537, 539 (2008).

Here, the additional statement was not required because defendant was warned of the consequences of refusing to submit to the breath test prior to giving his consent. See O'Driscoll, 215 N.J. at 476. Schulhafer read aloud the entire standard statement, including paragraphs five and eight as required under N.J.S.A. 39:4-50.2(e). Defendant testified he understood the statement "loud and clear." He also does not dispute that he initially agreed to provide breath

---

[4] The additional statement reads: "Your answer is not acceptable. The law requires that you submit samples of your breath for breath testing. If you do not answer, or answer with anything other than 'yes' I will charge you with refusal. Now I ask you again, will you submit to breath testing?"

samples. Moreover, to paragraph nine of the statement, "Will you submit samples of your breath?" defendant responded "yes." Defendant's subsequent conduct does not make his earlier unequivocal consent ambiguous. See State v. Schmidt, 206 N.J. 71, 85 (2011) ("Because defendant unequivocally consented to the breath test, his later failures to provide the necessary volume and length of breath samples did not render his earlier consent ambiguous or conditional.").

As the Law Division judge noted:

> Officer Schulhafer's testimony, which is accepted by this [c]ourt, establishes that [d]efendant sought to delay and obstruct the administration of the test after giving consent. . . . Therefore, it was unnecessary for Officer Schulhafer to read the [a]dditional [s]tatement or engage in verbal jousting with [] [d]efendant about "why" [he] had to perform the test.

We discern no basis to disturb the trial judge's decision. He thoroughly reviewed the facts and we are satisfied there is sufficient credible evidence in the record to substantiate his findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5351-16T4