**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2589-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LORI YAKITA,

    Defendant-Appellant.

_____

Argued May 13, 2019 – Decided May 29, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 17-008.

Matthew W. Reisig argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Matthew W. Reisig, on the brief).

Melinda A. Harrigan, Assistant Prosecutor, argued the cause for respondent (Damon G. Tyner, Atlantic County Prosecutor, attorney; Melinda A. Harrigan, on the brief).

PER CURIAM

Defendant Lori Yakita was arrested in Absecon and charged with driving while intoxicated (DWI), N.J.S.A. 39:4-50, and refusal to submit to a chemical breath test (refusal), N.J.S.A. 39:4-50.4a. In May 2017, the municipal court conducted a one-day trial, during which the arresting officer testified on behalf of the State and defendant presented an expert witness in "breath[-]testing procedures and operations." At the conclusion of the State's case, the municipal court granted defendant's motion for a directed verdict on the DWI charge; at the conclusion of the trial, the court found defendant guilty of refusal. Following a trial de novo in the Law Division, the judge issued a thorough written decision, also finding defendant guilty of refusal.

Defendant now appeals from her refusal conviction, raising the following points for our consideration:

> POINT I
>
> SINCE THE DEFENDANT WAS ACQUITTED OF DWI IN VIOLATION OF N.J.S.A. 39:4-50 IN THE MUNICIPAL COURT BELOW BECAUSE THE STATE DID NOT PROVE THAT SHE OPERATED A MOTOR VEHICLE BEYOND A REASONABLE DOUBT THERETO, DEFENDANT'S CONVICTION FOR REFUSAL IN VIOLATION OF N.J.S.A. 39:4-50.4A MUST BE REVERSED BY THE APPELLATE DIVISION SINCE THE FIRST ELEMENT OF NEW JERSEY'S REFUSAL STATUTE REQUIRES THE STATE TO PROVE BEYOND A REASONBLE DOUBT WHETHER THE ARRESTING OFFICER

HAD PROBABLE CAUSE TO BELIEVE THAT THE PERSON HAD BEEN DRIVING OR WAS IN ACTUAL PHYSICAL CONTROL OF A MOTOR VEHICLE ON THE PUBLIC HIGHWAYS OR QUASI-PUBLIC AREAS OF THIS STATE WHILE THE PERSON WAS UNDER THE INFLUENCE OF INTOXICATING LIQUOR. STATE V. CUMMINGS, 184 N.J. 84 (2005). ACCORDINGLY, THE STATE'S PROSECUTION OF DEFENDANT FOR REFUSAL MUST FAIL FOR THE SAME RATIONALE UNDERPINNING HER ACQUITTAL FOR DWI.

POINT II

DEFENDANT'S EXCULPATORY RESPONSES WHEN ASKED TO PROVIDE SAMPLES OF HER BREATH FOR CHEMICAL TESTING PROVIDE THE REQUISITE REASONABLE DOUBT REGARDING HER REFUSAL CONVICTION. HOWEVER, NEITHER TRIAL COURT BELOW EVEN CONSIDERED THE FOREGOING EXCULPATORY RESPONSES IN ADJUDICATING HER GUILTY, WHICH CONSTITUTES PLAIN ERROR THEREBY REQUIRING REVERSAL OF CONVICTION.

POINT III

DEFENDANT'S CONVICTION FOR REFUSAL IN VIOLATION OF N.J.S.A. 39:4-50.4a SHOULD BE REVERSED AND REMANDED FOR A NEW TRIAL BASED ON BOTH TRIAL COURTS' PLAIN ERROR IN REJECTING DEFENDANT'S LEGAL ARGUMENT TO PERMIT HER TO CALL BREATH TEST COORDINATOR STANKS AS A DEFENSE TRIAL WITNESS TO DIRECTLY CHALLENGE THE CREDIBILITY OF THE ARRESTING OFFICER.

We reject these arguments and affirm.

I.

We derive the salient facts from the testimony adduced at the municipal court trial. On August 20, 2016, at approximately 10:44 p.m., Absecon Police Officer Jeffrey Mazer was patrolling a shopping center when he noticed a black Acura, with its headlights illuminated. The Acura was the only car in the parking lot, which was adjacent to a liquor store that closed at 10:00 p.m.

Upon approaching the car, Mazer noticed three small empty airplane-sized bottles of whiskey on the ground just outside the driver's door. Defendant was seated in the driver's seat, "passed out," with her head against the steering wheel. As defendant opened the window, she appeared dazed, confused and startled. Mazer smelled alcohol "emanating from the vehicle and . . . her person." Defendant's eyes appeared "bloodshot, watery, and a little droopy." Defendant was the sole occupant of the vehicle; defendant's seat belt was fastened; the engine was running with the key in the ignition; and the air conditioner was turned on.

Slurring her speech, defendant admitted she had been drinking after purchasing alcohol at the liquor store. Defendant was unable to maintain her balance as she exited the car and refused to perform the walk-and-turn test and

4

the one-leg-stand test. She recited the alphabet with slurred speech. Mazer placed defendant under arrest for DWI.

After conducting a twenty-minute visual observation of defendant at police headquarters, Mazer read aloud to her the Attorney General's Standard Statement for Motor Vehicle Operators (standard statement), informing defendant of the consequences of her refusal to submit to a breath test.[1] When ultimately asked whether she would submit to breath samples, defendant responded, "No, I wasn't driving." Mazer then read aloud the following passage from the standard statement:

> Your answer is not acceptable, the law requires that you submit samples of your breath for breath testing. If you do not answer or answer with anything other than yes, I will charge you with refusal. Now, I ask you again, will you submit to breath testing?

---

[1] See N.J.S.A. 39:4-50.2(e), providing in pertinent part:

> No chemical test . . . or specimen necessary thereto, may be made or taken forcibly and against physical resistance thereto by the defendant. The police officer shall, however, inform the person arrested of the consequences of refusing to submit to such test . . . . A standard statement, prepared by the chief administrator, shall be read by the police officer to the person under arrest.

A-2589-17T4

Defendant responded, "[W]ell now that's a pickle I wasn't driving, no." Mazer then charged defendant with DWI and refusal.

After hearing Mazer's account and crediting his testimony, the municipal court found beyond a reasonable doubt that the officer had probable cause to believe defendant was in actual physical control of the Acura while under the influence of alcohol. The Law Division judge reached the same conclusion after reviewing the Municipal Court record. This appeal followed.

II.

We begin our review with well-settled principles. On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017).

Unlike the Law Division, however, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471-72 (1999). The rule of deference is more compelling where, as here, the municipal and Law Division judges made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and

6

exceptional showing of error." Ibid. "Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

In order for a defendant to be found guilty of refusal under N.J.S.A. 39:4-50a, the State must establish beyond a reasonable doubt[2] each of the following elements:

> (1) the arresting officer had probable cause to believe that defendant had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol or drugs; (2) defendant was arrested for [DWI]; (3) the officer requested defendant to submit to a chemical breath test and informed defendant of the consequences of refusing to do so; and (4) defendant thereafter refused to submit to the test.
>
> [State v. O'Driscoll, 215 N.J. 461, 475 (2013) (quoting State v. Marquez, 202 N.J. 485, 503 (2010)); see also N.J.S.A. 39:4-50.2(e); N.J.S.A. 39:4-50.4a].

Refusal is "a separate and distinct offense from conviction of drunk driving." State v. Wright, 107 N.J. 488, 504 (1987). Accordingly, a conviction

---

[2] More than a decade ago, our Supreme Court determined, for double jeopardy purposes, the proper standard of proof for refusal is beyond a reasonable doubt, notwithstanding the preponderance of the evidence standard set forth in N.J.S.A. 39:4-50a. Cummings, 184 N.J. at 95-96. To date, the statute has not been revised accordingly.

A-2589-17T4

for refusal to take a breath test can be sustained where there is probable cause to believe the defendant was DWI despite a lack of proof beyond a reasonable doubt as to operation. Id. at 502-04. Thus, "proof of actual operation is not required." Id. at 490. In sum, proof beyond a reasonable doubt that the officer had reasonable cause to believe the motorist had actual physical control of a vehicle while under the influence of alcohol will suffice. Cummings, 184 N.J. at 95-96.

While the State must prove guilt beyond a reasonable doubt, id. at 89, probable cause to arrest is a lower threshold, i.e., "a well-grounded suspicion that a crime has been or is being committed" by the defendant. State v. Marshall, 199 N.J. 602, 610 (2009) (internal quotation marks omitted). "Probable cause exists where the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed." Ibid. (alterations in original) (internal quotation marks omitted). Although it is difficult to define the concept with precision, probable cause requires "more than a mere suspicion of guilt," but less than is needed to convict at trial. State v. Basil, 202 N.J. 570, 585 (2010).

A-2589-17T4

Probable cause for driving under the influence will be found where an officer "had reasonable grounds to believe that the driver was operating a motor vehicle in violation" of the DWI statute.  State v. Moskal, 246 N.J. Super. 12, 21 (App. Div. 1991) (internal quotation marks omitted).  In assessing probable cause, a judge considers the totality of the circumstances.  State v. Moore, 181 N.J. 40, 46 (2004).  They are viewed "from the standpoint of an objectively reasonable police officer."  Basil, 202 N.J. at 585.

Based on those principles and our review of the record, we are satisfied the Law Division judge's finding of guilt reasonably was reached on sufficient, credible evidence present in the record.  The officer observed defendant in the driver's seat of her vehicle, wearing a seat belt, with the key in the ignition and the engine running.  Defendant had passed out, with her head resting on the steering wheel.  She smelled of alcohol, and empty bottles of whiskey were located on the ground just outside the car door.  There were no other occupants in the car.  Defendant and her car emitted an odor of alcohol.  Defendant was confused, her speech was slurred, her eyes were bloodshot, and she could not maintain her balance.  She also admitted she had been drinking. The totality of those circumstances amply supports the officer's probable cause to believe

defendant was in actual control of the car while under the influence of alcohol. See Moore, 181 N.J. at 46.

We therefore find no support for the argument that defendant's conviction cannot be sustained absent a finding beyond a reasonable doubt that she actually operated the car while under the influence of alcohol, or intended to operate the vehicle. See State v. George, 257 N.J. Super. 493, 496-97 (App. Div. 1992) (finding the arrest at issue "was clearly justified by defendant's presence behind the wheel of a vehicle with its lights on and its engine running at a time when his breath disclosed a heavy odor of alcohol . . . [which] permits the logical conclusion of an intent to drive"). Contrary to defendant's unsupported contention, her DWI acquittal has no preclusive effect on the refusal charge.

Little needs to be said about defendant's self-proclaimed novel argument that her responses to Mazer's request to provide a breath sample for chemical testing were "exculpatory" thereby giving rise to reasonable doubt. Under the implied consent statute, N.J.S.A. 39:4-50.2(a), each "motorist using the public roads in the State is deemed to have given consent to undergo a chemical test to determine blood alcohol [levels] . . . at the request of a police officer[,] who has reasonable grounds to believe that [the motorist] has been operating a motor vehicle" while under the influence of alcohol. State v. Mulcahy, 107 N.J. 467,

474 (1987). A motorist who fails to submit to a breath test when requested to do so will be charged with refusal under N.J.S.A. 39:4-50.4a.

Ultimately, "'anything substantially short of an unconditional, unequivocal assent to an officer's request' 'would undermine law enforcement's ability to remove intoxicated drivers from the roadways' and impede their ability to conduct the test in a timely manner to ensure that the results are meaningful." State v. Spell, 395 N.J. Super. 337, 344 (App. Div. 2007) (quoting State v. Widmaier, 157 N.J. 475, 497 (1999)), aff'd as modified, 196 N.J. 537 (2008). "The occasion is not one for debate, maneuver or negotiation, but rather for a simple 'yes' or 'no' to the officer's request." State v. Bernhardt, 245 N.J. Super. 210, 219 (App. Div. 1991).

Here, defendant's responses to Mazer's request to perform a breath test were far from the "unconditional, unequivocal assent" to his request sanctioned by our Supreme Court. Widmaier, 157 N.J. at 488. Instead, defendant twice stated she was not driving. "Once the defendant says anything except an unequivocal 'yes' to the officer's request after the officer has informed the defendant of the consequences of a refusal, the defendant cannot legally cure the refusal." Bernhardt, 245 N.J. Super. at 219.

A-2589-17T4

Lastly, we find insufficient merit in the argument defendant raises in Point III, which is unsupported by any authority whatsoever, to warrant discussion in our written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2589-17T4