**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5499-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DEBORAH HARRIS,

     Defendant-Appellant.

_____

        Submitted October 14, 2020 – Decided October 26, 2020

        Before Judges Yannotti, Haas, and Natali.

        On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Municipal Appeal No. 06-05-18.

        Jacobs & Barbone, PA, attorneys for appellant (Louis M. Barbone, on the brief).

        Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Edward B. Simonson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the August 15, 2019 Law Division order finding her guilty of refusal to submit to a breath test contrary to N.J.S.A. 39:4-50.4a. We affirm.

The procedural history and facts of this case are set forth at length in Judge Sara Beth Johnson's comprehensive written decision and need not be repeated here in the same level of detail.

Shortly after 8:00 p.m. on September 3, 2017, defendant drove her car into the passenger side of a vehicle that was stopped at a red light. After the impact, defendant did not get out of her car for five to ten minutes. When she finally did so, she said "hi" to the other driver, looked at the driver's side of the vehicle she hit, and then got back into her own car.

Officer Jamie Fearnhead arrived at the scene a few minutes later. After speaking to the occupants of the other vehicle, Officer Fearnhead tapped on the window of defendant's car to get her attention. Defendant lowered her window and the officer saw that she was holding her registration and insurance card in her hand. Defendant told the officer that she did not know what had happened but explained that she "may have tapped" the other vehicle.

A-5499-18T1

Officer Fearnhead noticed that defendant's eyes were glassy, and her speech was slurred. She was stuttering and appeared confused. Defendant stated she had not consumed any alcohol or taken any medication that night.

Officer Fearnhead asked defendant to get out of her car and when the officer had the chance to stand next to defendant, she detected a "strong" smell of alcohol emanating from defendant. When the officer again asked defendant if she had consumed any alcohol, defendant replied, "Not really."

Officer Fearnhead performed two field sobriety tests, which defendant was unable to successfully complete.[1] She also administered the Horizontal Gaze Nystagmus (HGN) test, which suggested that defendant was driving under the influence (DUI). The officer then arrested defendant for DUI, N.J.S.A. 39:4-50, and transported her to the police station in Ocean City. Officer Fearnhead testified that during the drive, "[a] strong odor of alcohol filled the vehicle."

At the station, Officer Fearnhead read the standard nine-paragraph statement to defendant about the breath test. As she read each paragraph, the officer observed that defendant was "alert, paying attention, and appeared to understand what she was being told." When the officer got to the last paragraph

---

[1] Another officer who was at the scene with Officer Fearnhead testified that he also detected the smell of alcohol coming from defendant as she performed the field sobriety tests.

A-5499-18T1

and asked defendant whether she would submit to the test, defendant refused to do so.

When Officer Fearnhead attempted to record defendant's refusal into the breath test device at the Ocean City station, she found it was not functioning. Therefore, the officer transported defendant to the Somers Point station.

At that station, the officer again read defendant the nine-paragraph statement. At first, defendant stated she would submit a breath sample. However, when Officer Fearnhead asked defendant to breath into the device, she refused and told the officer she wanted to return to the Ocean City station. Officer Fearnhead advised defendant this was not possible, and again asked her if she would submit to the test. Defendant refused to do so. The officer charged defendant with refusal, DUI, and careless driving, N.J.S.A. 39:4-97.

While the officer was processing defendant, she provided defendant with the Miranda[2] warnings. After listening to the warnings, defendant exercised her right to counsel and all questioning ended.

Defendant did not testify at the municipal court trial. However, her fiancé's daughter, N.R.,[3] stated she spent the day on September 3, 2017 with

_____

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

[3] We use initials to protect the privacy of N.R. and her sister, S.R.

4

defendant on the beach and did not see her drinking any alcohol during that time. Defendant left the beach at approximately 5:30 p.m. About seventy-five minutes later, N.R. joined her father and defendant at a restaurant. Both had a glass of wine in front of them when she arrived. The group remained at the restaurant for approximately ninety minutes. N.R. testified that defendant only drank one glass of wine during the evening. N.R. stated defendant told her she was going to get some ice cream as she left the restaurant alone in her own car.

On September 27, 2017, S.R. called for an ambulance after defendant began acting "very confused." S.R. stated that defendant regained her composure shortly after arriving at the hospital.

In early October 2017, defendant had surgery to remove a glioblastoma[4] from her brain. Defendant's medical expert, Lawrence Guzzardi, M.D., testified that based upon his review of defendant's records, the tumor was located in an area of defendant's brain that controls "thought process." According to Dr. Guzzardi, the tumor was present and affected defendant on September 3, 2017 when she struck the other vehicle and refused to submit to the breath test. Dr. Guzzardi asserted that defendant began to experience headaches and confusion,

---

[4] A glioblastoma is a cancerous tumor.

A-5499-18T1

spatial abnormalities, problems with memory, gait instability, visual impairment, and other symptoms as early as July 2017.

However, the expert admitted on cross-examination that prior to the full manifestation of defendant's symptoms on September 27, 2017, any periods of confusion were "intermittent" and were not "frequent" or "severe." He also conceded that without having conducted a CT scan of defendant on September 3, it was difficult to determine how severe the tumor was at that time, and to what degree the tumor contributed to any confusion she exhibited during her interactions with Officer Fearnhead.

Under these circumstances, the municipal court judge found defendant not guilty of DUI, but guilty of refusing to provide the breath sample, and careless driving. Defendant appealed to the Law Division, which affirmed defendant's convictions.

In her thorough written decision, Judge Johnson made detailed findings of fact and conclusions of law. The judge found that Officer Fearnhead observed that defendant's eyes were glassy, she was slurring her speech and smelled of alcohol, and the officer properly conducted field sobriety tests. The judge further found that once defendant failed to successfully complete those tests, the

officer had probable cause to arrest defendant and require her to submit to a breath test.

At the station, defendant expressed no confusion as to the information Officer Fearnhead read to her concerning the test. She listened attentively and then refused to take the breath test at the Ocean City station and again at the Somers Point station. Therefore, Judge Johnson concluded that defendant was guilty of refusing to take the breath test in violation of N.J.S.A. 39:4-50.4a.

In so ruling, the judge considered and rejected defendant's argument that she was unable to "cognitively process and exercise her normal judgment" on September 3 because of the tumor that was discovered twenty-four days later. Judge Johnson found, as the municipal court judge did before her, that any issues caused by the growing tumor were "sporadic and temporary" on the date of the accident and "did not manifest themselves to even [d]efendant's closest acquaintances until September 27, 2017 when [d]efendant received the diagnosis."

Thus, the evidence did not establish "that [d]efendant was confused and disoriented throughout her entire interaction with [the] officers on the evening of September 3, which lasted more than [two] hours." Instead, Judge Johnson determined that Officer Fearnhead's testimony "proved beyond a reasonable

doubt" that defendant understood she was required to take the breath test, knew the consequences if she refused to do so, and "knowingly and voluntarily refused to provide breath samples when asked."

Judge Johnson imposed the same sentence as the municipal court:  a seven-month driver's license suspension, twelve hours in the Intoxicated Driver Resource Center, and various fines, assessments, and surcharges.  The judge also required defendant to install an Interlock device on her car during the seven-month period of her suspension and for six months thereafter.[5]  This appeal followed.

On appeal, defendant raises the following contentions:

> Point I
>
> While the Normal Standard of Review on a Trial <u>De Novo</u> Is Whether There Is "Sufficient Credible Evidence" in the Record, the <u>De Novo</u> Court's Interpretation of the Law and Legal Consequences That Flow Therefrom Are Subject to Plenary Review.  (Not Raised Below).
>
> Point II
>
> Defendant's Confusion Because of a Brain Tumor Presented a Valid Defense to the Charge of Refusal, and the Court Failed to Consider, and then Hold, the State to a Standard of Proof Beyond a Reasonable Doubt.

---

[5]  The judge stayed the suspension pending appeal, but required defendant to install an Interlock device in her car.

Point III

Defendant Harris Proved That She Was Physically and Neurologically Incapable of Consent and the Exercise of Voluntary Judgment by More Than a Preponderance of Evidence, and the State Failed to Disprove Her Non-Refusal Beyond [a] Reasonable Doubt.

On appeal from a Law Division decision following a de novo municipal court appeal, the issue is whether there is "sufficient credible evidence present in the record" to uphold the findings of the Law Division, not the municipal court. State v. Johnson, 42 N.J. 146, 162 (1964). However, as in the Law Division, we are not in as good a position as the municipal court judge to determine credibility and, therefore, we "give deference to those findings of the trial judge which are substantially influenced by his [or her] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Locurto, 157 N.J. 463, 471 (1999) (citation omitted).

Thus, "[w]e do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). When we are satisfied that the findings and conclusions of the Law Division are supported by sufficient credible evidence, our "task is complete and [we] should not disturb the result, even though [we] . . . might have reached a different conclusion" or if the result was "a close one." Johnson, 42 N.J. at 162.

A-5499-18T1

Given our standard of review, we are satisfied that the record contains ample credible evidence from which Judge Johnson could have found defendant guilty of refusal to provide a breath test.

The refusal statute, N.J.S.A. 39:4-50.4a(a), provides:

> The municipal court shall determine by a preponderance of the evidence whether the arresting officer had probable cause to believe that the person had been driving or was in actual physical control of a motor vehicle on the public highways or quasi-public areas of this State while the person was under the influence of intoxicating liquor . . . ; whether the person was placed under arrest, if appropriate, and whether he [or she] refused to submit to the test upon request of the officer.

Although the statute sets forth a standard of preponderance of the evidence, "because a breathalyzer refusal case is properly a quasi-criminal matter, the constitutionally required burden of proof is the one applicable to criminal cases: proof beyond a reasonable doubt." State v. Cummings, 184 N.J. 84, 89 (2005). Thus, to secure a conviction under the refusal statute, the State must prove beyond a reasonable doubt that "(1) the arresting officer had probable cause to believe that defendant had been operating a vehicle while under the influence of alcohol; (2) defendant was arrested for driving while intoxicated; and (3) defendant refused to submit to a breathalyzer test." State v. Badessa, 185 N.J. 303, 312 (2005) (quoting State v. Wright, 107 N.J. 488, 490 (1987)).

10

While the State must prove guilt beyond a reasonable doubt, Cummings, 184 N.J. at 89, probable cause to arrest is a lower threshold, i.e., "a well-grounded suspicion that a crime has been or is being committed" by the defendant. State v. Marshall, 199 N.J. 602, 610 (2009) (citation omitted). "Probable cause exists where the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed." Ibid. (alterations in original) (citation omitted). Although it is difficult to define the concept with precision, probable cause requires "more than a mere suspicion of guilt," but less than is needed to convict at trial. State v. Basil, 202 N.J. 570, 585 (2010) (citations omitted).

Probable cause for driving under the influence will be found where an officer "had reasonable grounds to believe that the driver was operating a motor vehicle in violation" of the DUI statute. State v. Moskal, 246 N.J. Super. 12, 21 (App. Div. 1991) (citation omitted). In assessing probable cause, a judge considers the totality of the circumstances. State v. Moore, 181 N.J. 40, 46 (2004). They are viewed "from the standpoint of an objectively reasonable police officer." Basil, 202 N.J. at 585 (citation omitted).

 A-5499-18T1

Applying these principles, we discern no basis for disturbing the findings and conclusions contained in Judge Johnson's thoughtful written opinion. Her analysis of the issues was comprehensive and correct. Accordingly, we affirm defendant's conviction substantially for the reasons the judge set forth in her decision and add the following comments.

Judge Johnson's conclusion that probable cause existed for defendant's arrest for DUI was well supported by the record. Defendant's demeanor, slurred speech, and glassy eyes, together with the strong odor of alcohol emanating from defendant and her failure to successfully perform the field sobriety tests, established sufficient grounds for an objectively reasonable police officer to believe that defendant had operated her car in violation of the DUI statute. Basil, 202 N.J. at 585. The fact that the municipal court judge ultimately found there was reasonable doubt as to defendant's guilt on the DUI charge, does not defeat a finding of probable cause when, as here, sufficient facts exist to establish a well-grounded suspicion that defendant drove her car while under the influence. Wright, 107 N.J. at 502-04.

There was also ample evidence in the record to support the judge's determination beyond a reasonable doubt that defendant knowingly refused to take the breath test at each police station. As she did before the trial court,

defendant asserts that the judge should have adopted Dr. Guzzardi's opinion that she was too confused throughout the entirety of the events on September 3, 2017 to understand the ramifications of refusing to undergo the test. We disagree.

"[W]e rely on the trial [judge's] acceptance of the credibility of [an] expert's testimony and the court's fact-findings based thereon, noting that the trial court is better positioned to evaluate the witness' credibility, qualifications, and the weight to be accorded [his] testimony." In re D.M.H., 161 N.J. 365, 382 (1999) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)). Applying this standard, we are satisfied that Judge Johnson properly discounted the testimony presented by defendant's expert.

Contrary to defendant's contention, Judge Johnson was not required to accept Dr. Guzzardi's opinion at face value. While the expert opined that defendant was suffering from the effects of the glioblastoma at the accident scene, and later when she twice refused to take a breath test, he conceded that any "confusion" she may have experienced on September 3 would have been intermittent and not frequent or severe.

Moreover, the record fully supports Judge Johnson's conclusion that defendant was not "confused and disoriented" during her interactions with Officer Fearnhead at the two police stations where defendant refused to submit

to the test.  Defendant listened attentively to the officer as she read the nine-paragraph statement to defendant at each station, did not indicate any confusion as to the substance of the information provided to her, and answered the officer's inquiries at the end of each statement.  Defendant was aware that she had been transported from one police station to another and, after she was charged with violating N.J.S.A. 39:4-50.4a, indicated that she understood her Miranda rights and exercised them by requesting an attorney.  Therefore, we reject defendant's contention on this point.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION