**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2002-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WALTER R. DAYS-JACKSON,
a/k/a RAHEEM DAYS, WALTER
DAYS, WALTER R. DAYS,
RAHEEM DAYSJACKSON,
WALTER DAYSJACKSON,
WALTER R. DAYSJACKSON,
RAHEEM JACKSON,
WALTER JACKSON, and
WALTER R. JACKSON,

    Defendant-Appellant.

_____

Argued September 21, 2021 – Decided October 18, 2021

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket Nos. 18-07-0438 and 18-07-0439.

Adam W. Toraya argued the cause for appellant.

Frank Muroski, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Frank Muroski, of counsel and on the brief).

PER CURIAM

Defendant Walter R. Days-Jackson appeals from the trial court's July 11, 2019 order denying his motion to suppress. The trial judge found police officers had probable cause to search the trunk of defendant's vehicle after smelling raw marijuana and finding a scale while searching the interior of the car. We affirm.

While on duty one night, Rahway police detectives Michael Mezey and Scott Maloney observed a car parked on the side of the road. The detectives had the windows open in their car. While driving by the parked car, the detectives observed a cloud of white smoke coming from its open windows. The officers also smelled an odor of burnt marijuana. The detectives parked and approached the car on foot.

Defendant was the driver of the car; there was a female passenger. Mezey approached the car on the passenger side and Maloney went to the driver's side. When asked about the cloud of smoke, defendant and his passenger admitted to smoking marijuana earlier, but stated "it was all gone." Maloney observed the passenger attempting to conceal a hand-rolled cigar, later determined to be marijuana, and observed two open containers of alcohol on the center console.

The detectives then asked both individuals to get out of the car. During their search, the detectives found a second hand-rolled cigar containing marijuana in the passenger's possession.

The detectives also searched the vehicle's passenger compartment, finding (1) a digital scale, with marijuana residue, inside the center console; (2) a clear, empty, plastic bag containing marijuana residue; (3) a container bearing marijuana residue; and (4) a bag of suspected marijuana in a purse found on the floor where the passenger was sitting. During the search, the detectives smelled an odor of raw marijuana they believed emanated from the trunk area, since they had removed all of the marijuana found in the passenger compartment.

Because of the discovery of the scale and the smell of raw marijuana that could not be explained from the small amount of marijuana found in the passenger compartment, the detectives concluded they had probable cause to open and search the trunk. In the trunk, detectives found thirteen grams of marijuana in a clear, plastic bag; a .32 caliber revolver, loaded with five .32 caliber cartridges; and ten .40 caliber cartridges, three of which were hollow point. Defendant was subsequently charged in an indictment with first-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(j); fourth-degree possession of a prohibited device, N.J.S.A. 2C:39-3(f); and in a second

A-2002-19

indictment with second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7b(1).

Defendant moved to suppress the evidence obtained from the vehicle's trunk. After a hearing in which the court heard testimony from Detective Mezey, the court denied the motion in a July 11, 2019 order and written opinion. In finding the detectives had probable cause to search the trunk, the judge stated that, "taken all together, the scale and the scent of marijuana that could not be explained by the amount of marijuana and residue found inside the passenger compartment of the car established that the detectives had probable cause to conduct a search of the trunk."

Defendant subsequently pleaded guilty to first-degree unlawful possession of a firearm. He was sentenced to five years in prison, subject to forty-two months of parole ineligibility.

In our review of a determination on a motion to suppress, we must uphold the factual findings underlying the trial court's decision so long as those findings are supported by sufficient credible evidence in the record. State v. Elders, 192 N.J. 224, 243 (2007). We defer to these factual findings because they "are substantially influenced by [an] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v.

Gamble, 218 N.J. 412, 424-25 (2014) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)).  We will "not disturb the trial court's findings merely because 'it might have reached a different conclusion were it the trial tribunal' or because 'the trial court decided all evidence or inference conflicts in favor of one side' in a close case."  Elders, 192 N.J. at 244 (quoting Johnson, 42 N.J. at 162).  Therefore, we only reverse a decision when the trial court's determination is "so clearly mistaken 'that the interests of justice demand intervention and correction.'"  Id. at 244.

A trial court's interpretation of the law and the consequences that flow from established facts are not entitled to any special deference.  State v. Gandhi, 201 N.J. 161, 176 (2010); Manalapan Realty L.P. v. Twp. Comm. of the Twp. of Manalapan, 140 N.J. 366, 378 (1995).  Thus, a trial court's legal conclusions are reviewed de novo.  Gandhi, 201 N.J. at 176.

On appeal, defendant reiterates his assertion that the warrantless search of the trunk of his car violated both the United States and New Jersey Constitutions.  We disagree.

The Fourth Amendment of the United States Constitution and Article I, paragraph 7 of the New Jersey Constitution protect citizens against unreasonable searches and seizures and require a showing of probable cause prior to an arrest

or the issuance of a warrant. U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7. "The probable-cause requirement is the constitutionally-prescribed standard for distinguishing unreasonable searches from those that can be tolerated in a free society . . . ." State v. Novembrino, 105 N.J. 95, 106 (1987). Warrantless searches or seizures are only permissible in situations where they fall into the "'few specifically established and well-delineated exceptions' to the warrant requirement." State v. Witt, 223 N.J. 409, 422 (2015) (quoting State v. Frankel, 179 N.J. 586, 598 (2004)). The State, as the party seeking to validate the warrantless search, "has the burden of proving the validity of the search [or seizure]." State v. Maryland, 167 N.J. 471, 489 (2001).

Our Court has consistently held that "a principal component of the probable cause standard 'is a well-grounded suspicion that a crime has been or is being committed.'" State v. Moore, 181 N.J. 40, 45 (2004) (quoting State v. Nishina, 175 N.J. 502, 515 (2003)). The Court has adopted the "totality of the circumstances" test set forth by the United States Supreme Court in Illinois v. Gates, 462 U.S. 213, 238 (1983); Moore, 181 N.J. at 46. "[The] test requires the court to make a practical, common-sense determination whether, given all of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" Ibid. (quoting Gates, 462 U.S. at 235).

A-2002-19

Defendant asserts that Detective Mezey's testimony was "contradictory" and, therefore, not credible. Defendant refers to inconsistent statements made regarding the area in which the officers located the bullets. He also challenges the credibility of Mezey's testimony that a "strong odor" of raw marijuana was coming from the trunk.

The State initially asserted the odor of raw marijuana, the discovery of the scale and bullets in the passenger compartment of the car led the detectives to believe they had probable cause to search the trunk. However, after Mezey was confronted with conflicting testimony regarding whether the bullets were found inside the car or in its trunk, the State only relied on the discovery of the scale and the raw marijuana odor to support its assertion of probable cause.

Although the trial judge did not make specific credibility findings regarding Mezey, his factual findings were consistent with Mezey's testimony. That the court found Mezey credible can be inferred from its ultimate ruling.

During the suppression hearing, the judge heard Mezey describe his experience as a law enforcement officer, detail the circumstances surrounding the stop and search and explain any inconsistent statements. After considering the testimony, the trial court found the circumstances leading to the search of

A-2002-19

the trunk gave the detectives enough information to believe there was probable

cause to search the trunk. The judge stated:

> [T]he detectives observed a cloud of white smoke that smelled like burnt marijuana emanating from [d]efendant's vehicle. . . . The smell of marijuana suggested that marijuana was present within the vehicle . . . . For this reason, [the detectives'] actions were reasonable; thus the motor vehicle stop was lawful.
>
> . . . .
>
> The initial search of [d]efendant's car was lawful because in addition to the cloud of smoke and smell of burnt marijuana emanating from [d]efendant's vehicle, the detectives observed a partially smoked cigar that . . . [the passenger] was attempting to conceal. Once [d]efendant and [the passenger] were ordered out of the vehicle, it was confirmed that the cigar contained marijuana . . . . [T]he smell of burnt marijuana and the presence of the cigar containing marijuana provided and justified a search of the vehicle's interior.
>
> . . . .
>
> The detectives also had probable cause to search the vehicle's trunk . . . . [H]ere, detectives discovered more than simply marijuana consistent with personal use. While searching [the] vehicle's . . . interior the detectives found a scale, which is indicative of more than personal use.
>
> . . . .
>
> Further, detectives detected a strong odor of raw marijuana emanating from the trunk area . . . . [T]he detectives determined that the smell had to be coming

A-2002-19

from the trunk because the smell could not be explained by the small amount of marijuana and marijuana residue found inside the passenger compartment of the car. While the presence of marijuana alone does not automatically give rise to an inference that contraband is present in the trunk of the vehicle, taken all together, the scale and the scent of marijuana that could not be explained by the amount of marijuana and residue found inside the passenger compartment of the car established that the detectives had probable cause to conduct a search of the trunk.

All that is required for probable cause is that there is a fair probability, given the totality of the circumstances and common sense, that contraband may be found. Here, the detectives found a scale with marijuana residue and smelled raw marijuana after removing all marijuana from the passenger compartment. Those circumstances, coupled together, were sufficient to support the trial court's finding of probable cause necessary to search the trunk. Defendant has not demonstrated the trial court was "so clearly mistaken 'that the interests of justice demand intervention and correction.'" Elders, 192 N.J. at 244 (quoting Johnson, 42 N.J. at 162).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9