**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4458-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VERNON A. BLACKWELL, a/k/a
VERNON A. BLACKWELL, JR.,

     Defendant-Appellant.

_____

Argued February 10, 2022 – Decided February 23, 2022

Before Judges Mawla and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 19-06-0577.

Morgan A. Birck, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Morgan A. Birck, of counsel and on the brief).

Andre R. Araujo, Assistant Prosecutor, argued the cause for respondent (Jennifer Webb-McRae, Cumberland County Prosecutor, attorney; Andre R. Araujo, of counsel and on the brief).

PER CURIAM

Defendant Vernon Blackwell appeals from an April 21, 2020 judgment of conviction sentencing him to eight years of incarceration with a four-year parole disqualifier for possession of a controlled dangerous substance (CDS) with intent to distribute and unlawful possession of a handgun. He argues that the trial judge improperly denied his motion to suppress because the police lacked probable cause when they arrested him and searched his person. He also argues that the trial judge did not conduct the necessary qualitative analysis of the aggravating factors during sentencing, requiring reversal. We affirm.

On the night of January 3, 2019, New Jersey State Police Officers of the Metro South unit were working as a "proactive unit . . . look[ing] to suppress violent crime[]" and conducting surveillance in the area of North High Street and Mulberry Street in Millville. The area was known to police officers as a high crime area. About a month prior, Officer Tyler Norton received information from two confidential informants (CIs) that a man named Carlton Goldsboro, whose street name was "Loyal," was selling large quantities of drugs from his apartment located above High Street and Mulberry Street. Officer Norton relied on these CIs in the past, and they had proven to be credible. The CIs explained that other drug dealers in the area would replenish, or "re-up,"

A-4458-19

their supply from Goldsboro. The officers were familiar with Goldsboro's history of dealing narcotics.

Two surveillance teams consisting of four officers each set up in the area. The officers drove by the area to verify that Goldsboro was outside and then assumed their surveillance positions approximately 100 yards away. Using binoculars, they observed him leaning against a building and smoking a cigarette at the intersection of North High and East Mulberry Streets. They next observed a white 2012 Chevy Malibu with tinted windows pull up and park in the area where Goldsboro was standing. Goldsboro threw his cigarette down and approached the vehicle while the passenger, subsequently identified as defendant, exited the vehicle and met with Goldsboro. The officers observed Goldsboro remove a black bag from the front pocket of his sweatshirt and hand it to defendant. Defendant then gave Goldsboro money. The officers believed that they had just observed a hand-to-hand drug transaction and followed defendant once he got back in his car and drove away.

The officers followed defendant back to an apartment complex and parked directly behind him. When defendant exited his vehicle, they immediately exited their cars, approached him, announced "State Police, you're under arrest[,]" and tackled him. One officer alerted the others to the presence of a

3

handgun in defendant's waistband. They subdued defendant and removed the gun from his waistband. Defendant was handcuffed and searched. A search of defendant's person found cocaine and heroin in a black bag in defendant's left pocket, as well as a small amount of marijuana, a digital scale, $2,500 in cash, and pills.

Defendant was charged with committing two counts of second-degree possession with intent to distribute a CDS, N.J.S.A. 2C:35-5(a)(1) and (b)(2) (counts two and four); two counts of third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (counts five and six); second-degree possession of a firearm while committing a CDS offense, N.J.S.A. 2C:39-4.1(a) (count nine); third-degree receiving stolen property, N.J.S.A. 2C:20-7(a) (count ten); third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a) (count eleven); and second-degree certain persons not to have a weapon. N.J.S.A. 2C:39-7(b)(1) (count twelve).

After a three-day hearing, a judge denied defendant's motion to suppress by order dated November 22, 2019. On February 3, 2020, defendant pleaded guilty to one count of second-degree possession with intent to distribute CDS (count two) and one count of second-degree unlawful possession of a weapon (count seven). On April 21, 2020, the judge sentenced defendant to two concurrent terms of eight years' incarceration with four-year parole bars.

A-4458-19

On appeal, defendant presents the following arguments for our consideration:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE FOUND DURING THE WARRANTLESS SEARCH OF DEFENDANT'S PERSON.

POINT II

DEFENDANT'S SENTENCE IS EXCESSIVE AND THE COURT FAILED TO EXPLAIN THE REASONS FOR ITS IMPOSITION. THEREFORE, THE SENTENCE MUST BE VACATED AND THE MATTER REMANDED FOR RESENTENCING.

Our review of the judge's denial of a suppression motion is limited. State v. Handy, 206 N.J. 39, 44-45 (2011). We "must uphold the factual findings underlying the trial court's decision so long as those findings are 'supported by sufficient credible evidence in the record.'" State v. Elders, 192 N.J. 224, 243 (2007) (quoting State v. Elders, 386 N.J. Super. 208, 228 (App. Div. 2006)). We "should not disturb the trial court's findings merely because 'it might have reached a different conclusion were it the trial tribunal' or because 'the trial court decided all evidence or inference conflicts in favor of one side' in a close case."

5

Id. at 244 (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). Issues of law, however, are reviewed de novo. State v. Gandhi, 201 N.J. 161, 176 (2010).

Both the United States and New Jersey Constitutions protect against unreasonable searches and seizures. State v. Baum, 199 N.J. 407, 421 (2009). "A warrantless search is presumed invalid [unless] it falls within a judicially cognizable exception to the warrant requirement." State v. Valencia, 93 N.J. 126, 133 (1983). The State must demonstrate by a preponderance of the evidence that an exception to the warrant requirement applies and that the challenged search and seizure was legal. Ibid This case involves the search incident to arrest exception identified by the U.S. Supreme Court in Chimel v. California, 395 U.S. 752, 763 (1969). A valid search incident to arrest requires police officers to have had probable cause to make the arrest.

"The standards for determining probable cause to arrest and probable cause to search are identical." State v. Moore, 181 N.J. 40, 45 (2004). "Probable cause exists where the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed." Schneider v. Simonini, 163 N.J. 336, 361 (2000) (first and second alterations in original) (internal quotation

marks omitted). In determining whether probable cause exists, this court must view the totality of the circumstances from the standpoint of an objectively reasonable officer. State v. Gibson, 218 N.J. 277, 293 (2014). The personal observations of law enforcement officers are generally regarded as highly reliable and sufficient to establish probable cause. See State v. O'Neal, 190 N.J. 601, 613-14 (2007); Moore, 181 N.J. at 46-47.

Probable cause arising from a CI's tip is evaluated under the totality of the circumstances test. State v. Keyes, 184 N.J. 541, 555-56 (2005). An informant's veracity and basis of knowledge are two highly relevant factors when considering the totality of the circumstances, and a "deficiency in one of those factors may be compensated for, . . . by a strong showing as to, or by some other, or some other indicia of reliability." Ibid. (quoting State v. Zutic, 155 N.J. 103, 110-11 (1998)).

With these guiding principles in mind, we reject defendant's argument that the officers lacked probable cause. The State police were conducting an operation to combat violent crime in the high-crime area where Goldsboro's home was located. [1] Two reliable CIs had informed police that Goldsboro was

---

[1] The mere fact that the venue of a citizen's stop by police is known to be a high crime area does not mean that citizens have lesser constitutional protection to

selling drugs to dealers out of his apartment. The police knew of Goldsboro's drug-dealing activities. Acting on the tips, they set up surveillance outside Goldsboro's apartment. Goldsboro was outside smoking a cigarette when police observed defendant pull up, get out of his car, and approach Goldsboro. Goldsboro handed defendant a black bag and in exchange defendant handed him money. Based on their experience, the officers believed they had witnessed a hand-to-hand drug transaction. The totality of the circumstances more than sufficiently established probable cause to believe defendant had purchased and remained in possession of narcotics. See Moore, 181 N.J. at 46-47 (noting probable cause to arrest existed where: 1) the officer conducting surveillance "was an experienced narcotics officer[;]" 2) he had previously made arrests in the neighborhood which was known for heavy drug trafficking; and 3) "[u]sing binoculars, [the officer] observed three men move away from the group to the back of a vacant lot, and he saw defendant and his companion give money to the third person in exchange for small unknown objects"); Cf. State v. Pineiro, 181 N.J. 13, 28 (2004) (finding no probable cause because unlike in Moore, there was "no observation of currency or anything else exchanged, rather, there was

---

be free of unreasonable searches and seizures. See State v. Shaw, 213 N.J. 398, 420 (2012).

merely a transfer of a cigarette pack" and there was "no proof of 'regularized police experience that objects such as [hard cigarette packs] are the probable containers of drugs.'") (alternation in original) (quoting State v. Demeter, 124 N.J. 374, 385-86 (1991)).

We review a sentencing decision for an abuse of discretion. State v. Miller, 237 N.J. 15, 28 (2019). We must "consider whether the trial court has made findings of fact that are grounded in competent, reasonably credible evidence and whether 'the factfinder [has] appl[ied] correct legal principles in exercising its discretion.'" State v. Blackmon, 202 N.J. 283, 297 (2010) (alterations in original) (quoting State v. Roth, 95 N.J. 334, 363 (1984)). We may not substitute our judgment for that of the sentencing court. State v. Fuentes, 217 N.J. 57, 70 (2014). Rather, we must affirm a sentence unless a trial court violated the sentencing guidelines, found aggravating or mitigating factors not based on competent and credible evidence in the record, or applied the guidelines in such a manner as to "make[] the sentence clearly unreasonable so as to shock the judicial conscience." Miller, 237 N.J. at 28 (quoting Fuentes, 217 N.J. at 70).

When sentencing a defendant, a court must identify and balance the aggravating and mitigating factors pursuant to N.J.S.A. 2C:44-1(a) and (b), and

explain the factual basis supporting its findings. Fuentes, 217 N.J. at 73, 81. "It is sufficient that the trial court provides reasons for imposing its sentence that reveal the court's consideration of all applicable mitigating factors in reaching its sentencing decision." State v. Bieniek, 200 N.J. at 609 (2010). "After balancing the factors, the trial court may impose a term within the permissible range for the offense." Id. at 608.

We also reject defendant's argument his sentence was excessive. Defendant argues that the judge failed to "engage in a qualitative analysis of [aggravating factors three, six, and nine] and to explain the reasons behind [defendant's] sentence." Each of the two counts to which defendant pled guilty were second-degree offenses subject to a presumption of incarceration between five and ten years pursuant to N.J.S.A. 2C:43-6(a). Here, the judge found that aggravating factors outweighed the mitigating factors and sentenced defendant to eight years on each count to run concurrently. The parole bar was statutorily mandated. See N.J.S.A. 2C:43-6(b).

Contrary to defendant's argument, the judge sufficiently explained his reasons for finding the three aggravating factors:

> I have reviewed the Presentence Report that's contained within the eCourts case jacket. I will make the following findings with regard to both the aggravating and mitigating factors.

I . . . will find aggravating factor three. That's risk that he's going to re-offend. He's [thirty-six] years of age. He does have a juvenile record consisting of [fifteen] arrests, three ordinance violations, six adjudications, two violations of probation. As an adult, there are [twenty] arrests, one local ordinance [violation], three disorderly convictions, nine indictable convictions, which would include the instant offenses, three parole violations, and he did have an arrest in Philadelphia. I give that substantial weight.

Moderate weight to aggravating factor six, the extent of his prior record. It's as set forth.

Aggravating factor nine, the need to deter the defendant and others from violating the law, I'm going to give that moderate weight.

The sentence imposed was within the permissible sentencing range, was supported by the credible evidence in the record, and does not offend the judicial conscience. See Miller, 237 N.J. at 28. We discern no abuse of discretion requiring resentencing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4458-19